Betty Jean **STOCKTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 3–87–030–CR.

Court of Appeals of Texas, Austin.

Sept. 7, 1988.

Walter C. Prentice, Austin, for appellant.

Ronald Earle, Dist. Atty., Sally Swanson, Asst. Dist. Atty., for appellee.

Before SHANNON, C.J., and SMITH * and ABOUSSIE, JJ.

SMITH, Justice.

A jury found appellant guilty of delivery of methamphetamine, a controlled substance, and assessed punishment at imprisonment for fifteen years. Tex.Rev.Civ. Stat.Ann. art. 4476–15 § 4.03(a), (b) (Supp. 1988) [the Controlled Substances Act, or CSA]. This Court will affirm the judgment of conviction.

In September 1986, Austin police officer Beth Young enrolled in Crockett High School under the name Betty Kay Brown in hopes of learning the identity of persons selling drugs to students at the school. During the course of this undercover investigation, Young was introduced to appellant by a student. On December 5, 1986,

appellant sold to Young approximately seven grams of methamphetamine.

■ By point of error, appellant contends that Young's enrollment in Crockett High School violated Tex.Educ.Code Ann. §§ 21.031 and 21.040 (1987) because her registration documents contained false information and because her enrollment had not been approved by the board of trustees of the school district, as required for over-age students. Thus, argues appellant, the evidence in this cause was obtained in violation of the laws of this State and should have been suppressed. Tex.Code Cr.P. Ann. art. 38.23 (Supp.1988).

Appellant's contention is analogous to that advanced by the defendant in *Roy v. State,* 608 S.W.2d 645, 651–652 (Tex.Cr. App.1980), and is without merit for the same reasons. The purposes served by the statutes governing the enrollment of students in the public schools are wholly unrelated to the purposes of the exclusionary rule, and have no bearing on a police undercover operation. The delivery took place at appellant's home, and appellant does not suggest that her belief that Young was a high school student induced her to sell methamphetamine to the officer. Appellant does not contend that she was entrapped. Tex.Pen.Code Ann. § 8.06 (1974). In short, there is nothing in the record to indicate that the incriminating evidence was obtained as a result of the alleged violations of the Education Code. This point of error is overruled.

As returned by the grand jury, the indictment alleged that appellant

knowingly and intentionally deliver[ed] by actual transfer to Beth Young, a person enrolled in a secondary school, namely: Crockett High School, a controlled substance, namely: methamphetamine in an amount by aggregate weight, including any adulterants and dilutants, less than twenty-eight grams.

*See* CSA § 4.053(a)(3). At a pretrial hearing, the State announced that it elected to "waive and abandon" that portion of the indictment alleging that Beth Young was

---

* Before Earl W. Smith, Justice (Retired) Third Court of Appeals, sitting by assignment. *See*

Tex.Gov't Code § 73.012 (Supp.1988).

"a person enrolled in a secondary school, namely: Crockett High School." The district court granted the State's "motion to abandon" over appellant's objection. Appellant attacks this ruling in her remaining points of error.

First, appellant contends that the State's action violated Tex.Code Cr.P.Ann. art. 28.-10(c) (Supp.1988), which provides:

An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

Appellant argues that art. 28.10(c) was violated because the State was permitted to amend the indictment, over objection, to change the offense charged from aggravated delivery of methamphetamine to a minor, CSA § 4.053, to delivery of methamphetamine, CSA § 4.03.

Prior to its amendment effective December 1, 1985, art. 28.10 absolutely prohibited amendments of substance to charging instruments.[1] Nevertheless, it was well-established that art. 28.10 did not prohibit the State from abandoning an allegation essential to the offense charged if the effect of the abandonment was to leave the accused on trial for a lesser included offense. *Allison v. State,* 618 S.W.2d 763 (Tex.Cr.App. 1981) (indictment alleged burglary of habitation; State permitted to abandon allegation that building entered was a habitation, reducing offense charged to burglary of building); *Thomas v. State,* 451 S.W.2d 907 (Tex.Cr.App.1970) (indictment alleged robbery by firearm; State permitted to abandon allegation that defendant used or exhibited firearm, reducing offense charged to robbery by assault); *Watson v. State,* 149 Tex.Cr.R. 643, 197 S.W.2d 1018 (1946) (indictment alleged murder with malice; State permitted to abandon allegation that defendant acted with malice, reducing offense charged to murder without malice); *Hubert v. State,* 652 S.W.2d 585 (Tex.App. 1983, pet. ref'd) (indictment alleged aggravated robbery; State permitted to abandon allegation that defendant exhibited a deadly weapon, reducing offense charged to robbery). We find the line of cases to be controlling in this cause.

In a prosecution for an offense with lesser included offenses, the trier of fact may find the defendant not guilty of the greater offense, but guilty of any lesser included offense. Tex.Code Cr.P.Ann. art. 37.08 (1981). Thus, an indictment for the greater offense necessarily includes all lesser included offenses whether or not each of their constituent elements is alleged. *Allison v. State, supra.* If the State fails to prove an element of the offense alleged in the indictment, but proves all elements of a lesser included offense, the defendant is not entitled to an acquittal but may be convicted of the lesser included offense. The abandonment of an allegation prior to trial in order to proceed on the lesser included offense is merely the conscious decision not to offer proof, and art. 28.10 does not apply.[2]

An offense is a lesser included offense if it is established by proof of the same or less than all the facts required to establish

---

1. Before its amendment, art. 28.10 read:

 Any matter of form in an indictment or information may be amended at any time before an announcement of ready for trial upon the merits by both parties, but not afterward. No matter of substance can be amended.

 As amended, art. 28.10 provides, in addition to subsection (c):

 (a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

 (b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

 For a thorough discussion of the 1985 amendment of art. 28.10 and related matters, see Dix, *Texas Charging Instrument Law: The 1985 Revisions and the Continuing Need for Reform,* 38 Baylor L.Rev. 1 (1986).

2. The principle that the State may abandon an allegation it is not obligated to prove is also applied in two other circumstances. First, the State may abandon "surplusage": those allegations that are neither essential to the validity of the indictment nor descriptive of that which is essential. *Wray v. State,* 711 S.W.2d 631, 633 (Tex.Cr.App.1986); *Burrell v. State,* 526 S.W.2d

the commission of the offense charged. Tex.Code Cr.P.Ann. art. 37.09(1) (1981); *Cunningham v. State*, 726 S.W.2d 151 (Tex.Cr.App.1987); *Day v. State*, 532 S.W. 2d 302, 310 (Tex.Cr.App.1976) (opinion on rehearing). Obviously, in order to prove the offense of delivery of methamphetamine to a minor, the State is required to prove there was a delivery. However, under CSA § 4.053 the amount of substance delivered is irrelevant and therefore not required to be proved, whereas under CSA § 4.03 the amount delivered is determinative of the range of punishment. Does this mean that delivery under § 4.03 is not a lesser included offense of delivery to a minor under § 4.053?

■ For most offenses defined by the Controlled Substances Act, the amount of substance in question determines the penalty classification applicable to a particular offense. In *Suarez v. State*, 532 S.W.2d 602 (Tex.Cr.App.1976), the court held that an indictment for delivery of marihuana that did not allege the amount delivered or that the delivery was for remuneration (another aggravating circumstance) did not allege a felony offense under CSA § 4.05, but was sufficient to allege a class B misdemeanor violation of that section. *See also Kolbert v. State*, 590 S.W.2d 711 (Tex. Cr.App.1979); *Bailey v. State*, 543 S.W.2d 653 (Tex.Cr.App.1976). Thus, under *Suarez*, the amount of controlled substance must be pleaded only if the State seeks to apply a punishment classification other than the minimum applicable to that substance. Because an indictment must allege all that is necessary to be proved in order to convict for the offense alleged, Tex.Code Cr.P.Ann. art. 21.03 (1966), it logically follows from *Suarez* that the amount of controlled substance need not be proved to sustain a conviction for the lowest punishment class.

■ Applying *Suarez* to CSA § 4.03, we find that the State is not required to plead or prove the amount of methamphetamine delivered in order to secure a conviction for the unaggravated delivery offense defined by subsections (a) and (b). Therefore, an offense under § 4.03(a) and (b) may be established by proof of less than all the facts required to prove an offense under CSA § 4.053, and the former is a lesser included offense of the latter.

At oral argument, counsel for appellant urged that unaggravated delivery of methamphetamine cannot be a lesser included offense of delivery of methamphetamine to a minor because both offenses are first degree felonies, arguing that a lesser included offense must carry a lesser penalty. However, it has been observed that "[i]t is not essential in all cases that the included offense be 'lower' in the sense that a lesser punishment be provided therefor or that it be a misdemeanor in a felony indictment." Woodley, *Included Offenses—In General*, 20 Tex.B.J. 687, 717 (1957). Although Judge Woodley was writing about the included offense provisions contained in the 1925 code of criminal procedure, there is nothing in present art. 37.09 that is inconsistent with his observation. The word "lesser" appears to refer not to the punishment range, but to the factor that distinguishes the included offense from the offense charged, i.e., less than all facts, less serious injury or risk of harm, less culpable mental state.

■ The State's abandonment of the allegation that Beth Young was a secondary school student was not an amendment of the indictment, but an announcement of the State's decision to try appellant for the lesser included offense. This Court finds no violation of art. 28.10(c) and overrules the point of error.

Finally, appellant contends the indictment in this cause was duplicitous in that it alleged two distinct offenses (delivery of methamphetamine and delivery of metham-

799, 804 (Tex.Cr.App.1975); *McDonald v. State*, 138 Tex.Cr.R. 610, 137 S.W.2d 1046 (Tex.Cr.App. 1940). Second, where two or more ways of committing the charged offense are alleged conjunctively in the same count, the State may abandon one or more of the alternative allegations. *Garcia v. State*, 537 S.W.2d 930, 933

(Tex.Cr.App.1976) (holding that this "was no amendment, but merely an abandonment" to which art. 28.10 did not apply). In contrast, the abandonment of an allegation that must be proved in order to secure a conviction under the indictment has been held to be an amendment of substance. *Burrell v. State, supra.*

phetamine to a minor) in a single count. Appellant further argues that the allegation that Beth Young was enrolled in a secondary school was descriptive of an essential element of the offense of delivery of methamphetamine, the identity of the deliveree. Citing *Burrell v. State*, 526 S.W.2d 799 (Tex.Cr.App.1975), appellant concludes that this allegation could not be abandoned by the State because, under the circumstances, it was a descriptive averment that had to be proved.

 That the offense charged in an indictment contains one or more included offenses does not render the indictment duplicitous. Although the indictment in this cause did allege the amount of methamphetamine delivered, this allegation was equally unnecessary under CSA § 4.03(a) & (b) and CSA § 4.053. *Suarez v. State, supra.* Moreover, appellant cites no authority for her assertion that the identity of the deliveree is an essential element of the offense. This Court finds that the indictment in this cause was not duplicitous, that it alleged the single offense of delivery of methamphetamine to a minor, and that, as previously discussed, the allegation that the deliveree was a secondary school student was lawfully abandoned in order to prosecute appellant for the lesser included offense.

The judgment of conviction is affirmed.