TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00700-CR







Marcus Wayne Smith, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF JEFFERSON COUNTY, 252ND JUDICIAL DISTRICT


NO. 73438, HONORABLE LEONARD GIBLIN, JR., JUDGE PRESIDING







After accepting appellant's no contest plea and judicial confession, the district court found
him guilty of kidnapping and assessed punishment at imprisonment for ten years. See Tex. Penal Code
Ann. § 20.03 (West 1994). In his only point of error, appellant contends the court improperly admonished
him regarding the range of punishment. We will overrule the point of error and affirm the conviction.

The indictment alleged that appellant:


intentionally and knowingly abduct[ed] [the Complainant] . . . by restraining the
Complainant by moving the Complainant from one place to another, without the consent
of the Complainant, and with the intent to prevent the liberation of the Complainant, by
threatening to use deadly force, by using and exhibiting a deadly weapon, to-wit: a
firearm . . . .



(Emphasis added.) The indictment bears notations indicating that it was intended by the State to allege the
offense of kidnapping pursuant to section 20.03, with the deadly weapon allegation presumably included
to support an affirmative finding in the judgment. See Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2)
(West Supp. 1998). As appellant correctly points out, however, the use or exhibition of a deadly weapon
in the course of an abduction constitutes aggravated kidnapping. See Tex. Penal Code Ann. § 20.04(b)
(West Supp. 1998). Thus, whatever the State's reason for including the emphasized phrase in the
indictment, appellant argues that the effect was to accuse him of aggravated kidnapping rather than simple,
unaggravated kidnapping.

Prior to accepting a plea of guilty or no contest in a felony, the court must admonish the
defendant of the range of punishment attached to the offense. Tex. Code Crim. Proc. Ann. art. 26.13(a)(1)
(West 1989). In this cause, appellant was admonished orally and in writing that he was accused of
"kidnapping with deadly weapon," said to be a third degree felony carrying a term of imprisonment of from
two to ten years and a $10,000 fine. The court also told appellant that he could receive either a prison term
or deferred adjudication probation, but that he was not eligible for regular probation because the indictment
"alleges a deadly weapon." Appellant stated that he understood this. After completing the admonishments,
the court accepted appellant's plea and his written judicial confession that "I am guilty of the offense
[alleged in the indictment] and all lesser included offenses . . . ." The court ordered the preparation of a
presentence report and reset the cause for sentencing.

At the sentencing hearing one month later, the court stated that it "previously accepted the
defendant's plea of no contest to the offense of kidnapping, which The State, in order to make it a third
degree felony, abandoned the deadly weapon portion. Otherwise, it would be a first degree felony . . . ." 
The parties then briefly discussed the presentence report, particularly the victim-impact portion. At the
conclusion of the hearing, the court announced that having accepted appellant's plea and considered the
presentence report, it "finds the defendant guilty of the offense of kidnapping and assesses his punishment
at confinement in the penitentiary for a term of ten years. . . . No affirmative finding will be made by the
Court as far as the deadly weapon."

In admonishing a defendant pursuant to article 26.13, substantial compliance by the court
is sufficient unless the defendant affirmatively shows that he was not aware of the consequences of his plea
and that he was misled or harmed by the court's admonishment. Art. 26.13(d). With regard to the range
of punishment, substantial compliance will be found even if the wrong punishment range is given as long as
the punishment assessed is within the range given in the admonishment and the actual range of punishment
provided by law. Delatorre v. State, 957 S.W.2d 145, 151 (Tex. App.--Austin 1997, pet. ref'd). 
Assuming that appellant was indicted for aggravated kidnapping, a first degree felony, and that the district
court erred by admonishing him as if he were accused of mere kidnapping, a third degree felony, substantial
compliance is shown because the punishment assessed is within the range described by the court. Hughes
v. State, 833 S.W.2d 137 (Tex. Crim. App. 1992), cited by appellant, is distinguishable because the court
there completely failed to admonish the defendant regarding the range of punishment.

Appellant contends that even if the court substantially complied with article 26.13(a)(1),
he was nevertheless misled and harmed by the court's admonishment. Appellant argues that if he was in
fact indicted for kidnapping, as the court admonished him, the court was wrong when it told him that he was
not eligible for regular probation (or community supervision, as it is now formally called). Appellant asserts
that this led him to believe that the possible punishment was more onerous than was in fact the case and
caused the court to sentence him to imprisonment without considering the possibility of community
supervision. Appellant also complains that there is no support in the record for the court's statement that
the State abandoned the deadly weapon allegation.

The district court's statement that appellant was not eligible for community supervision was
correct whether the indictment accused appellant of "kidnapping with deadly weapon," as he was originally
admonished, or of aggravated kidnapping. Aggravated kidnapping is one of the enumerated offenses for
which a court may not order community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, §
3g(a)(1)(D) (West Supp. 1998). At the same time, a defendant convicted of any felony offense is not
eligible for court-ordered community supervision when it is shown that he used or exhibited a deadly
weapon during the commission of the offense. Id. art. 42.12, § 3g(a)(2). Appellant judicially confessed
to "each and every element alleged" in the indictment, which would clearly include the allegation that he
used a deadly weapon. The district court's admonishment that appellant was not eligible for community
supervision was therefore correct when made because it was shown by his confession that appellant used
a deadly weapon during the commission of the offense. 

Even if the court misled appellant regarding his eligibility for community supervision, he was
not harmed because there was no plea bargain. See High v. State, 964 S.W.2d 637, 638 (Tex. Crim.
App. 1998) (art. 26.13(a)(1) error may be harmless). By telling appellant that he was not eligible for
community supervision, the court effectively discouraged him from pleading no contest without the benefit
of an agreed punishment recommendation. If appellant was willing to make an "open" plea after being told
he was not eligible for community supervision, there is no reason to believe that he would not have been
willing to make the same plea if the court had told him that community supervision was a possibility.

By the time of the sentencing hearing, the State and the court had apparently become aware
of the confusion regarding the offense alleged. The court told appellant that the State had abandoned the
deadly weapon allegation, reducing the offense to the simple kidnapping for which appellant had been
admonished. While it is true that there is nothing in the record to reflect this abandonment, there is no
prescribed statutory method by which an abandonment must be made. See Stockton v. State, 756
S.W.2d 873, 875-76 (Tex. App.--Austin 1988, no pet.) (distinguishing abandonment of allegation from
amendment of indictment). Moreover, the court was authorized to convict appellant of the lesser included
offense of kidnapping whether the State abandoned the deadly weapon allegation or not. See Tex. Code
Crim. Proc. Ann. art. 37.08 (West 1981). In this connection, we note that appellant judicially confessed
to the offense alleged in the indictment and all lesser included offenses.

Because the district court convicted appellant of kidnapping and did not make an
affirmative finding that a deadly weapon was used in the commission of the offense, appellant was eligible
for regular community supervision. Although the court had told appellant before accepting his plea that he
was not eligible for community supervision, this admonishment was correct when made, as we have
discussed. Appellant makes no showing that the court did not consider community supervision before
assessing punishment at the subsequent hearing. We assume in the absence of evidence to the contrary that
the court, having found appellant guilty of kidnapping and having declined to make an affirmative finding
that a deadly weapon was used, understood that appellant was eligible for community supervision and
simply chose not to grant it.

For the reasons stated, we conclude that the district court substantially complied with article
26.13 and that appellant has failed to show that he was misled or harmed by the admonishment given. The
point of error is overruled and the judgment of conviction is affirmed.



 

 Lee Yeakel, Chief Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Affirmed

Filed: August 31, 1998

Do Not Publish



e was in
fact indicted for kidnapping, as the court admonished him, the court was wrong when it told him that he was
not eligible for regular probation (or community supervision, as it is now formally called). Appellant asserts
that this led him to believe that the possible punishment was more onerous than was in fact the case and
caused the court to sentence him to imprisonment without considering the possibility of community
supervision. Appellant also complains that there is no support in the record for the court's statement that
the State abandoned the deadly weapon allegation.

The district court's statement that appellant was not eligible for community supervision was
correct whether the indictment accused appellant of "kidnapping with deadly weapon," as he was originally
admonished, or of aggravated kidnapping. Aggravated kidnapping is one of the enumerated offenses for
which a court may not order community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, §
3g(a)(1)(D) (West Supp. 1998). At the same time, a defendant convicted of any felony offense is not
eligible for court-ordered community supervision when it is shown that he used or exhibited a deadly
weapon during the commission of the offense. Id. art. 42.12, § 3g(a)(2). Appellant judicially confessed
to "each and every element alleged" in the indictment, which would clearly include the allegation that he
used a deadly weapon. The district court's admonishment that appellant was not eligible for community
supervision was therefore correct when made because it was shown by his confession that appellant used
a deadly weapon during the commission of the offense. 

Even if the court misled appellant regarding his eligibility for community supervision, he was
not harmed because there was no plea bargain. See High v. State, 964 S.W.2d 637, 638 (Tex. Crim.
App. 1998) (art. 26.13(a)(1) error may be harmless). By telling appellant that he was not eligible for
community supervision, the court effectively discouraged him from pleading no contest without the benefit
of an agreed punishment recommendation. If appellant was willing to make an "open" plea after being told
he was not eligible for community supervision, there is no reason to believe that he would not have been
willing to make the same plea if the court had told him that community supervision was a possibility.

By the time of the sentencing hearing, the State and the court had apparently become aware
of the confusion regarding the offense alleged. The court told appellant that the State had abandoned the
deadly weapon allegation, reducing the offense to the simple kidnapping for which appellant had been
admonished. While it is true that there is nothing in the record to reflect this abandonment, there is no
prescribed statutory method by which an abandonment must be made. See Stockton v. State, 756
S.W.2d 873, 875-76 (Tex. App.--Austin 1988, no pet.) (distinguishing abandonment of allegation from
amendment of indictment). Moreover, the court was authorized to convict appellant of the lesser included
offense of kidnapping whether the State abandoned the deadly weapon allegation or not. See Tex. Code
Crim. Proc. Ann. art. 37.08 (West 1981). In this connection, we note that appellant judicially confessed
to the offense alleged in the indictment and all lesser included offenses.

Because the district court convicted appellant of kidnapping and did not make an
affirmative finding that a deadly weapon was used in the commission of the offense, appellant was eligible
for regular community supervision. Although the court had told appellant before accepting his plea that he
wa