TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00121-CR







The State of Texas, Appellant



v.



Brian Molegraaf, Appellee







FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY


NO. 586,807, HONORABLE JAN BRELAND, JUDGE PRESIDING







The State appeals from an order of the county court at law granting appellee Brian
Molegraaf's motion to suppress evidence in this prosecution for driving while intoxicated. See Tex.
Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 2002). The relevant facts are undisputed. We
review de novo the court's application of the law to the facts. Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997). We reverse the court's order.

Many restaurants, clubs, and bars are located on Sixth Street between Congress
Avenue and Interstate 35 in Austin. On Thursday, Friday, and Saturday nights, Austin police use
temporary barriers to keep automobile traffic out of this area at the time when these businesses are
closing and numerous pedestrians are in the street. At approximately 1:50 a.m. on the night in
question, Molegraaf was driving east on Seventh Street, one block north of Sixth, when he came to
the Neches Street intersection. Neches is a north-south street, and temporary barriers had been
placed across its southbound lanes at the intersection to prevent eastbound drivers on Seventh Street
from turning right toward Sixth Street. Molegraaf nevertheless turned right, driving around the
barriers (and into the northbound lanes of Neches) as he did so. His actions were seen by Austin
Police Officer Michelle Aparicio, who stopped him for driving around the barriers and into the
pedestrian safety zone. It was stipulated that following the stop, police officers observed conduct
that gave them probable cause to arrest Molegraaf for driving while intoxicated.

Under the Texas exclusionary rule, no evidence obtained by an officer in violation
of state law may be used in the trial of a criminal case. Tex. Code Crim. Proc. Ann. art. 38.23(a)
(West Supp. 2002). The county court at law granted Molegraaf's motion to suppress the evidence
obtained by the officers following the stop on the ground that the temporary barriers had been
unlawfully placed in Neches Street. (1) Specifically, Molegraaf alleged, and the court found, that the
barriers violated section 542.203(a) of the transportation code, which provides:


A local authority may not erect or maintain a traffic-control device to direct
the traffic on a state highway . . . to stop or yield before entering or crossing an
intersecting highway unless permitted by agreement between the local authority and
the Texas Department of Transportation under Section 221.002.



Tex. Transp. Code Ann. § 542.203(a) (West 1999).

The State argues that the purpose of section 542.203(a) is to promote uniform traffic
rules and regulations on state highways, a purpose that is unrelated to the purposes of the
exclusionary rule, and therefore any violation of section 542.203(a) in this case does not implicate
article 38.23(a). See Roy v. State, 608 S.W.2d 645, 651 (Tex. Crim. App. 1980); Stockton v. State,
756 S.W.2d 873, 874 (Tex. App.--Austin 1988, no pet.). The State also argues that section
542.203(a) does not confer on individual drivers the right to complain about a breach of the statute
by local governments. See Chavez v. State, 9 S.W.3d 817, 819 (Tex. Crim. App. 2000). (2)

In Roy, the defendant moved to suppress evidence obtained by undercover officers
posing as the operators of a landscaping company. 608 S.W.2d at 651. The defendant argued that
the evidence had been obtained in violation of state law because the officers had failed to register
the name of their "company" as required by the business and commerce code. Id. The court of
criminal appeals held that the assumed name statute had no bearing on an undercover police
operation and that the officer's failure to comply with the statute did not invoke article 38.23. Id. 

In Stockton, the defendant sought to suppress evidence obtained by an undercover
police officer who posed as a high school student. 756 S.W.2d at 874. The defendant complained
that the officer's "enrollment" at the high school violated certain provisions of the education code. 
Id. Citing Roy, this Court held that article 38.23 did not apply because the purposes served by the
statutes governing the enrollment of public school students are wholly unrelated to the purposes of
the exclusionary rule. Id.

In Chavez, the defendant sought to suppress evidence that he sold cocaine to an
undercover officer assigned to a multi-county narcotics task force established pursuant to provisions
of the local government code. 9 S.W.3d at 818. He sought to invoke article 38.23 because the
delivery took place outside the geographical boundaries of the task force. Id. The court of criminal
appeals held that only the parties to the task-force agreement had standing to complain of violations
of the agreement. Id. at 819. The agreement did not confer third party beneficiary status on the
defendant to complain about a breach of the agreement. Id.

Section 542.203(a) appears in a transportation code subchapter entitled "Uniformity
and Interpretation of Traffic Laws." See Tex. Transp. Code Ann. §§ 542.201-.206 (West 1999 &
Supp. 2002). The apparent purpose of the subchapter is to promote uniformity of traffic regulations
throughout the state highway system. See id. § 542.201 (general rule of uniformity). This is a
purpose wholly unrelated to the purpose of the exclusionary rule. Moreover, section 542.203(a) does
not appear to have been intended to confer rights or benefits on persons who are the subject of
criminal investigations or on the public at large. See 40 George E. Dix & Robert O. Dawson, Texas
Practice: Criminal Practice and Procedure § 4.46 (2d ed. 2001). Section 542.203(a) does not confer
third party standing on Molegraaf to complain about a local authority's failure to obtain the
permission of the Texas Department of Transportation before erecting a traffic-control device on a
state highway. We are unpersuaded by Molegraaf's assertions that the statute was intended to
implement the First Amendment right to free association and the constitutional right to travel, or that
the barriers violated his "right to be left alone." 

For the reasons stated, we hold that the violation, if any, of section 542.203(a) does
not require suppression of the evidence of Molegraaf's intoxication pursuant to article 38.23. (3) No
violation of the United States Constitution was shown and hence the federal exclusionary rule does
not apply.

The order granting the motion to suppress is reversed and the cause is remanded for
further proceedings.



 

 Jan P. Patterson, Justice

Before Justices Kidd, Patterson and Puryear

Reversed and Remanded

Filed: August 30, 2002

Publish
1. This was the only basis for suppression advanced by Molegraaf at the hearing.
2. The State also argues that the evidence Molegraaf sought to suppress was not obtained as a
result of the alleged violation of section 542.203(a). See Chavez v. State, 9 S.W.3d 817, 820 (Tex.
Crim. App. 2000). We do not reach this contention.
3. Even assuming that section 542.203(a) applies to temporary traffic diversions of the sort at
issue here, it is arguable whether the statute was violated. Molegraaf introduced a map purporting
to show that Seventh Street east of Neches, Sixth Street west of Neches, and the one block of Neches
between Sixth and Seventh, are part of State Highway 343. Because Molegraaf was driving on
Seventh Street west of Neches, he was not on the state highway at the time he was prevented from
turning right from Seventh onto Neches. A local authority, with respect to a highway under its
jurisdiction and in the reasonable exercise of the police power, may regulate or prohibit the turning
of a vehicle at an intersection. Tex. Transp. Code Ann. § 542.202(a)(7) (West Supp. 2002).