COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

DENNIS EARL PICKENS,                                  )

                                                                              )              
No.  08-02-00163-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
195th District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of Dallas County, Texas

Appellee.                           )

                                                                              )              
(TC# F-0153823-HN)

                                                                              )

 

 

O
P I N I O N

 

Appellant Dennis
Earl Pickens appeals his conviction for the offense of possession of a
controlled substance, to wit:  cocaine,
in an amount by aggregate weight, including any adulterants or dilutants, of
one gram or more but less than four grams. 
A jury found Appellant guilty and assessed punishment at 25 years= imprisonment in the Texas Department
of Criminal Justice, Institutional Division.[1]  On appeal, Appellant challenges the legal
sufficiency of the evidence to support his conviction, asserts several jury
charge errors, and argues that his trial counsel rendered ineffective
assistance.  We affirm. 








FACTUAL
SUMMARY

On June 19, 2001,
the Dallas Police Department received several citizen=s
complaints about illegal drug sales at a car wash in the 2400 block of Starks
in South Dallas.  Officers Thomas
Peterson and Scott Sayers were working on special assignment in the area and
were dispatched to investigate the drug complaints.  Officer Peterson conducted field surveillance
on foot some distance from the scene while his partner stayed in the patrol car
at another location.  Officer Peterson
concealed himself behind some cut tree limbs in the backyard of a nearby
residence and observed the activities at the car wash with a pair of
binoculars.

From the hidden
location, which was about fifteen to twenty yards away from the car wash,
Officer Peterson observed Appellant standing out in the parking lot, engaging
in what appeared to be a hand-to-hand drug transaction with personal property
exchanged for something Officer Peterson could not see.  The officer then saw Appellant walk over to a
vehicle, get into the driver=s
seat, and lean the seat back.  Appellant
was the only passenger in the vehicle and he kept the door of the vehicle
open.  An unknown individual then
approached the vehicle and handed Appellant money.  Officer Peterson observed Appellant lift up
the plastic cup holder console and remove a clear plastic baggie which
contained several capsules.  Appellant
shook a few of the capsules into the palm of his hand and the unknown
individual removed several capsules and left. 
In a period of ten to fifteen minutes, Officer Peterson observed two
other similar hand-to-hand transactions. 
Based on previous experience, Officer Peterson knew from the packaging
that such capsules typically contain powdered heroin and powdered cocaine.








After witnessing
what he believed to be a felony in progress, Officer Peterson radioed Officer
Sayers a description of Appellant and told him to get backup.  Officer Sayers later radioed and told Officer
Peterson that he was en route to detain Appellant until backup arrived.  Officer Peterson then observed Officer Sayers
approach Appellant and ask him to exit the vehicle.  Officer Sayers testified that when he
approached the vehicle, Appellant was sitting on the driver=s side with his legs hanging out of the
vehicle and the door open.  When
Appellant exited the vehicle, Officer Sayers frisked him for weapons.  Appellant was taken into custody and backup
officers at the scene conducted an inventory search of the vehicle prior to
having it towed to the city pound.

The officers
recovered from the vehicle a plastic bag with white and brown pills from
underneath the cup holder and discovered additional drugs in the glove
box.  The drugs tested positive for
cocaine and heroin.  The drug analysis
report showed the drugs recovered were controlled substances, which consisted
of 59 capsules of brown powder, containing heroin and weighing 9.9 grams, and
31 half-pink capsules, containing cocaine and weighing 2.2 grams.  Money inside an organizer, totaling $540, was
also seized from inside the vehicle.

Appellant
testified that in the morning on the day he was arrested, he called a wrecker
to pick up his car and take it to a mechanic=s
garage for wiring repair.  Appellant lead
the tow truck driver to the garage in another vehicle he had purchased the day
before.  After leaving the garage,
Appellant planned to take the vehicle he was driving back to the seller for
brake work.  Appellant arranged for an
acquaintance, Wayne Pratt, to follow him to the seller=s
business, so he could drop the vehicle off and not have to sit around and wait
for the repairs to be done.  Appellant
left with Mr. Pratt and another person named Charles Frazier.  Mr. Pratt was driving them around, making
stops on their way back to South Dallas. 
At the intersection of Starks and Bexar, Mr. Pratt pulled into a car
wash and Appellant got out of the vehicle to talk with a friend.








Appellant was
talking with his friend when Officers Peterson and Sayers pulled into the car
wash and parked by a dryer.  People
started running away.  The officers left
and went to another building down the street. 
Appellant continued talking with friends.  Officer Sayers then returned to the car wash
by himself.  Officer Sayers pointed at
Appellant, who was standing by a Suburban van, called him over and asked him
what he was doing.  The officer told
Appellant to stand at the back of the vehicle that Mr. Pratt had been
driving.  Officer Sayers got into the car
and started to look around for a few seconds. 
The officer then exited and told Appellant to go stand at the front of
the vehicle.  Officer Sayers then
handcuffed Appellant and escorted him to the patrol car.

Appellant
testified that the vehicle the police searched that day was not his.  Appellant explained that his organizer was on
top of the vehicle.  The cash in his
organizer was money he earned by driving around a handicapped woman.  Appellant denied possessing the heroin and
cocaine.  The vehicle was registered to
someone named Pamela Jean Conley who lived at 4927 Bonnie View.  Appellant admitted that he lived at that
address prior to his incarceration, but did not know the individual listed as
the owner.  Appellant knew nothing about
the drugs found in the vehicle.

DISCUSSION

Legal
Sufficiency








In Issue One,
Appellant challenges the legal sufficiency of the evidence to sustain his
conviction for possession of a controlled substance because the indictment
charged him with possession with intent to deliver.  Specifically, Appellant contends that because
the trial court never physically amended the indictment after granting the
State=s motion
to reduce the charge to possession, the jury charge did not encompass the
indicted offense.  Appellant also
contends that possession was not a lesser included offense under the facts of
this case.

We first address
Appellant=s
contentions that the State=s
motion to reduce the charge before trial was a failed attempt to amend the
indictment.  Appellant was originally
charged in cause number F-0153823-HN by an indictment which alleged that he Adid unlawfully, knowingly and
intentionally possess with intent to deliver, a controlled substance,
to-wit:  COCAINE, in an amount by
aggregate weight, including any adulterants or dilutants, of 1 gram or more but
less than 4 grams.@  Before trial commenced, the State moved to
reduce the charge to possession.  The
trial court asked Appellant if he had any objection to reducing the charge and
Appellant replied, ANo, sir.@ 
The trial court then granted the motion.[2]








The State may
abandon an allegation essential to the offense charged if the effect of the
abandonment was to leave the accused on trial for a lesser included
offense.  Allison v. State, 618
S.W.2d 763, 764 (Tex.Crim.App. 1981); Stockton v. State, 756 S.W.2d 873,
875 (Tex.App.--Austin 1988, no pet.).  In
a prosecution for an offense with lesser included offenses, the jury may find
the defendant not guilty of the greater offense, but guilty of any lesser
included offense.  Tex.Code Crim.Proc.Ann. art. 37.08
(Vernon 1981).  As reasoned in Allison,
the greater offense, when properly alleged, necessarily includes all the lesser
included offenses, whether each of their constituent elements are alleged in
the indictment on the greater offense or not. Allison, 618 S.W.2d at
764.  If the State fails to prove an
element of the offense alleged in the indictment, but proves all elements of a
lesser included offense, the accused is not entitled to an acquittal but may be
convicted of a lesser included offense.  Stockton,
756 S.W.2d at 875.  

An offense is a
lesser included offense if it is established by proof of the same or less than
all the facts required to establish the commission of the offense charge.  Tex.Code
Crim.Proc.Ann. art. 37.09(1). 
Possession of a controlled substance is a lesser included offense of
possession with intent to deliver.[3]  See Upchurch v. State, 23 S.W.3d 536,
538 (Tex.App.--Houston [1st Dist.] 2000, pet. ref=d);
Greer v. State, 783 S.W.2d 222, 224 (Tex.App.--Dallas 1989, no
pet.).  By its motion, the State reduced
the charge to simple possession of cocaine, abandoning the allegation of intent
to deliver prior to trial in order to proceed with a lesser included
offense.  See Stockton, 756 S.W.2d
at 875.  The State=s
motion was not an amendment of the indictment, but rather an announcement of
the State=s
decision to try Appellant for the lesser included offense.  See id.

Next, we address
Appellant=s
challenge to the legal sufficiency of the evidence to sustain his
conviction.  Appellant argues there is no
evidence that he simply possessed the drugs. 


Standard
of Review 








In reviewing the
legal sufficiency of the evidence, we must view the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 319, 99 S.Ct. 2781, 2788-89, 61 L.Ed. 560 (1979); Lacour v. State,
8 S.W.3d 670, 671 (Tex.Crim.App. 2000). 
We do not resolve any conflict of fact, weigh any evidence, or evaluate
the credibility of any witnesses, as this was the function of the trier of
fact.  See Adelman v. State, 828
S.W.2d 418, 421 (Tex.Crim.App. 1992); Matson v. State, 819 S.W.2d 839,
843 (Tex.Crim.App. 1991); Lucero v. State, 915 S.W.2d 612, 614
(Tex.App.--El Paso 1996, pet. ref=d).  Instead, our duty is to determine whether if
both the explicit and implicit findings of the trier of fact are rational by
viewing all the evidence admitted at trial in the light most favorable to the
verdict.  See Adelman, 828 S.W.2d
at 421-22.  In so doing, any
inconsistencies in the evidence are resolved in favor of the verdict.  Matson, 819 S.W.2d at 843.

Possession
of a Controlled Substance

In cases involving
possession of a controlled substance, the State must prove beyond a reasonable
doubt that the accused:  (1) exercised
care, custody, control, or management over the contraband; and (2) knew the
substance he possessed was contraband.  See
Tex.Health & Safety Code Ann.
'' 481.115(a), 481.002(38)(Vernon
Supp. 2004); see also Brown v. State, 911 S.W.2d 744, 747 (Tex.Crim.App.
1995); Menchaca v. State, 901 S.W.2d 640, 651 (Tex.App.--El Paso 1995,
pet. ref=d).  An affirmative link must be established
between the accused and the contraband, demonstrating both that the accused had
control over it and had knowledge of its existence and character.  See Brown, 911 S.W.2d at 747; Menchaca,
901 S.W.2d at 651. Knowledge can be inferred from the conduct of and remarks by
the accused and from circumstances surrounding the acts engaged in by the
accused. Menchaca, 901 S.W.2d at 652.








Viewing the
evidence in the light most favorable to the verdict, Appellant conducted
hand-to-hand drug transactions while seated in the driver=s seat in a vehicle, in which he was
the sole occupant.  Officer Peterson
observed Appellant lift up the cup holder console near the driver=s seat and remove a plastic baggie that
contained several capsules.  Appellant
shook a few of the capsules into the palm of his hand and gave them to an
unknown individual.  Officer Peterson
recognized the drugs as capsules contained powdered heroin and powdered cocaine
based on his previous experience with the packaging method.

A reasonable
inference arises that Appellant knew the vehicle contained contraband because
he exercised dominion and control over the vehicle.  See Menchaca, 901 S.W.2d at 652.  While the contraband was later recovered from
underneath the console next to the driver=s
seat, Officer Peterson observed Appellant remove the contraband from its hidden
location and place the contraband within plain view.  Afterwards, some of the contraband was
returned to a location which was easily accessible to Appellant.  We conclude that any rational jury could have
found beyond a reasonable doubt that Appellant exercised care, custody,
control, and management over the contraband and that Appellant knew the
substance possessed was contraband. 
Therefore, we hold that the evidence was legally sufficient.  Issue One is overruled.

Jury
Charge on Lesser-Included Offense 

In Issue Two,
Appellant asserts that the jury charge contained egregious error because the

trial court could not charge the
jury on the lesser included offense of possession.  Appellant presents the same contentions he
asserted in Issue One.  For the reasons
discussed in our disposition of Issue One, we overrule Issue Two.

Jury
Charge Errors








In Issues Three
and Four, Appellant complains that the trial court erred by including in its
charge an instruction regarding reasonable doubt (and erred by failing to
include an Article 38.23 instruction.  

Standard
of Review 

When reviewing
charge error, we utilize a two-step process. 
Orona v. State, 52 S.W.3d 242, 249 (Tex.App.--El Paso 2001, no
pet.).  We first determine whether error
actually exists in the charge.  Almanza
v. State, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985); Orona, 52 S.W.3d
at 249.  If error exists, we must then
determine whether sufficient harm was caused by the error to warrant
reversal.  Arline v. State, 721
S.W.2d 348, 351 (Tex.Crim.App. 1986).  If
the charge error was the subject of timely objection, reversal is required if
that error was calculated to injure the rights of the defendant thereby causing
Asome harm.@  Ovalle v. State, 13 S.W.3d 774, 786
(Tex.Crim.App. 2000).  If error exists,
we must then assess whether any resulting harm requires reversal.  Almanza, 686 S.W.2d at 171.  In a case where the defendant did not
properly object at trial, we will reverse only if the error is so egregious and
created such harm that he was denied a fair and impartial trial.  Arline, 721 S.W.2d at 351; Almanza,
686 S.W.2d at 171.  In both
circumstances, the harm suffered is examined in light of the entire jury
charge, the state of the evidence, including the contested issues and weight of
probative evidence, the argument of counsel and any other relevant information
revealed by the record of the trial as a whole. 
Almanza, 686 S.W.2d at 171. 


Reasonable
Doubt Instruction

In Issue Three, Appellant argues
the trial court erred in including a sentence regarding reasonable doubt in the
jury charge.  Appellant admits that he
did not object to the following instruction:

 








The prosecution has
the burden of proving the defendant guilty and it must do so by proving each
and every element of the offense charged beyond a reasonable doubt, and if it
fails to do so, you must acquit the defendant.

 

It is not required
that the prosecution prove guilt beyond all possible doubt; it is required that
the prosecution=s
proof excludes all >reasonable
doubt=
concerning the defendant=s
guilt.  [Emphasis added].

 

The court=s
charge in this case contained a portion of the reasonable doubt instruction
approved in Geesa v. State, 820 S.W.2d 154, 162 (Tex.Crim.App. 1991), overruled
by Paulson v. State, 28 S.W.3d 570 (Tex.Crim.App. 2000).  In Paulson, the Court disavowed the
requirement that the reasonable doubt standard be defined and instead,
determined that the better practice is to give no definition of reasonable
doubt in the jury charge.  Paulson,
28 S.W.3d at 573.  However, the Court
also determined that no reversible error would occur if both the State and
defense agreed to give the Geesa instruction to the jury.  Id. 

Appellant argues
that the instruction favored the State because it emphasized to the jury that
the State did not have to prove its case beyond all possible doubt and
constitutes egregious harm in that it is still a definition whose purpose was
to favor the State.  This Court recently
addressed the same complaint in Hanks v. State, 104 S.W.3d 695, 702
(Tex.App.--El Paso 2003, pet. granted). 
In Hanks, this Court held that the same challenged instruction
does not constitute a definition of reasonable doubt and therefore, does not
violate Paulson.  Hanks,
104 S.W.3d at 702; see also Minor v. State, 91 S.W.3d 824, 828-29
(Tex.App.--Forth Worth 2002, pet. ref=d)
(adopting the analysis followed by the First District Court of Appeals in the Carriere
case); Carriere v. State, 84 S.W.3d 753, 759 (Tex.App.--Houston [1st
Dist.] 2002, pet. ref=d).  As in Hanks, the charge here did not
give a reasonable doubt definition, therefore no error exists.  See Carriere, 84 S.W.3d at 759.  Issue Three is overruled.








Article
38.23 Instruction

In his fourth
issue, Appellant asserts that the trial court erred in failing to instruct the
jury that it could disregard the evidence if it believed or had a reasonable
doubt about whether the officers illegally obtained the evidence pursuant to
Article 38.23 of the Texas Code of Criminal Procedure.  Tex.Code
Crim.Proc.Ann. art. 38.23 (Vernon Supp. 2004).  Appellant points to his testimony as evidence
that Officer Sayers without any justification, probable cause, or reasonable
suspicion, searched the vehicle.  In
reviewing the record, we find that Appellant failed to request an Article 38.23
instruction on the vehicle search at trial and therefore did not preserve error
on this issue.  Tex.R.App.P. 33.1; Kelly v. State, 669 S.W.2d 720, 726
(Tex.Crim.App. 1984)(failure to request the instruction waives error); Oberg
v. State, 890 S.W.2d 539, 544 (Tex.App.--El Paso 1994, pet. ref=d). 
Issue Four is overruled.

Ineffective
Assistance of Counsel

In Issue Five,
Appellant contends he was denied effective assistance of counsel because his
trial counsel failed to request an Article 38.23 instruction and failed to
object to the definition of reasonable doubt in the charge.








We review claims
of ineffective assistance under the two-pronged test set out by the United
States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104
S.Ct. 2052, 80 L.Ed.2d 674 (1984) and adopted by Texas in Hernandez v. State,
726 S.W.2d 53, 57 (Tex.Crim.App. 1986). 
To prevail, the defendant must show that trial counsel=s performance was deficient, that is,
counsel=s
representation fell below an objective standard of reasonableness.  Thompson v. State, 9 S.W.3d 808, 812
(Tex.Crim.App. 1999); Strickland, 466 U.S. at 687-88, 104 S.Ct. at
2064.  The defendant must also show that
counsel=s
deficient performance prejudiced his defense. 
Strickland, 466 U.S. at 687, 104 S.Ct. 2064; Jackson v. State,
877 S.W.2d 768, 771 (Tex.Crim.App. 1994). 
This requires the defendant to show there is a reasonable probability
that, but for counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Strickland, 466 U.S.
at 694, 104 S.Ct. at 2068; Jackson, 877 S.W.2d  at 771. 
A reasonable probability is a probability sufficient to undermine
confidence in the outcome.  Strickland,
466 U.S. at 694, 104 S.Ct. at 2068; Jackson, 877 S.W.2d at 771.  It is the defendant=s
burden to prove ineffective assistance of counsel by a preponderance of the
evidence.  Thompson, 9 S.W.3d at
813.

In reviewing a
claim of ineffective assistance of counsel, we must indulge a strong
presumption that counsel=s
conduct falls within the wide range of reasonable professional assistance and
the appellant must overcome the presumption that the challenged conduct might
be considered sound trial strategy.  Thompson,
9 S.W.3d at 813.  Any allegation of
ineffectiveness must be firmly founded and affirmatively demonstrated in the
record to overcome this presumption.  Id.;
see Jackson, 877 S.W.2d at 771. 
In the majority of instances, this task is extremely difficult because Athe record on direct appeal is simply
undeveloped and cannot adequately reflect the failings of trial counsel.@ 
Thompson, 9 S.W.3d at 813-14. 
When faced with a silent record as to counsel=s
strategy, we will not speculate as to the reasons for counsel=s actions.  See Jackson, 877 S.W.2d at 771. 








In this case,
Appellant filed a motion for new trial, but did not challenge the alleged
ineffectiveness of his counsel.  The
record before this Court does not contain trial counsel=s
explanations of the reasons for the alleged errors, therefore it will be
difficult for Appellant to rebut the strong presumption that trial counsel=s conduct falls within the wide range
of reasonable professional assistance.  See
Thompson, 9 S.W.3d. at 814. 








Appellant asserts
that his trial counsel failed to request an Article 38.23 instruction, which
precluded the jury from giving effect to the illegality of the search.[4]  Specifically, Appellant points to evidence in
the record concerning the Appellant=s
first trial for the offense, which resulted in a hung jury because at least one
of the jurors questioned the legality of the search[5].  If the
instruction had been allowed, he asserts that he could have obtained another
hung jury if not an acquittal.  Appellant,
however, concedes that in the first trial, the trial court refused Appellant=s request for an Article 38.23
instruction, therefore we can only speculate as to whether this trial would
have reached the same outcome as the mistrial based on the alleged error.  The record before us provides no discernible
explanation for trial counsel=s
motivation in not requesting an Article 38.23. 
When faced with a silent record as to counsel=s
strategy, as we are in this case, we will not speculate as to the reasons for
counsel=s
actions.  See Jackson, 877 S.W.2d
at 771.  Appellant has failed to prove
ineffective assistance of counsel based on this contention.

Appellant also
asserts that his trial counsel was ineffective for failing to object to the
reasonable doubt language contained in the jury charge, which Appellant
asserted in Issue Three was jury charge error. 
In addressing that issue, we concluded that the challenged portion of
the jury charge did not constitute a definition, therefore no error
existed.  It follows that Appellant has
failed to show ineffective assistance of counsel on that ground.  Issue Five is overruled.

Accordingly, we
affirm the trial court=s
judgment.

 

 

July
15, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
In a consolidated trial, the jury convicted Appellant of possession of cocaine
in cause number F-0153823-HN and possession of heroin in cause number
F-0153824-HN.  Appellant has also
appealed his conviction in cause number F-0153824-HN.  We affirmed that conviction in an unpublished
opinion issued this same date.  Pickens
v. State, No. 08-02-00164-CR (Tex.App.--El Paso July 15, 2004, no pet.h.).





[2]
The State made a written motion to reduce the offense charged in the indictment
to the lesser-included offense of possession of a controlled substance over one
gram.  The trial court granted the
written motion, which was filed on the same day the trial commenced.





[3]
In order to prove possession with intent to deliver, the State was required to
prove Appellant possessed the controlled substance, therefore, we find
Appellant=s
contention that possession was not a lesser included offense, to be without
merit.  See Tex.Health & Safety Code Ann. '' 481.112(a), 481.115(a)(Vernon
2003); see also Price v. State, 15 S.W.3d 577, 578 (Tex.App.--Waco 2000,
pet. ref=d)(for
double jeopardy purposes, possession of cocaine is a lesser‑included
offense of possession with intent to deliver cocaine unless separate quantities
of cocaine are identified for each offense).





[4]
Article 38.23 provides:

 

(a)        No evidence obtained by an officer or other
person in violation of any provisions of the Constitution or laws of the State
of Texas, or of the Constitution or laws of the United States of America, shall
be admitted in evidence against the accused on the trial of any criminal case. 

 

In any case where the legal evidence
raises an issue hereunder, the jury shall be instructed that if it believes, or
has reasonable doubt, that the evidence was obtained in violation of the
provisions of this Article, then and in such event, the jury shall disregard
any such evidence so obtained. 

 

Tex.Code Crim.Proc.Ann. art. 38.23 (Vernon Supp. 2004).





[5]
In support of his contention, Appellant directs us to the State prosecutor=s comment during voir dire in this
trial, in which the prosecutor struck a prospective juror who was a security
guard because the juror who hung up the first jury trial was a security guard
that 

second-guessed the police
officers.