IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00158-CR

 

Ronald David Ludwig,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 40th District Court

Ellis County, Texas

Trial Court # 17857CR

 



MEMORANDUM  Opinion



 








          Ronald David Ludwig seeks to appeal an
order denying his request for appointed counsel in a postconviction DNA
proceeding under Chapter 64 of the Code of Criminal Procedure.  However, such an order is not
appealable.  Neveu v. Culver, 105 S.W.3d 641, 643 (Tex. Crim. App. 2003)
(orig. proceeding).  Accordingly, the
appeal is dismissed.

PER CURIAM

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Appeal dismissed

Opinion delivered and filed April
 20, 2005

Do not publish

[CR25]






e excited utterance under Tex. R. Evid. 803(2), and that Officer Watkins’
testimony reciting what she told him did not violate such Rule.
      Point 2 is overruled.
      Point 1 asserts the admission of statements made by the victim violated appellant’s right of
confrontation under the Texas and U.S. Constitutions.
      Since Appellant did not object at trial on the basis of the Texas Constitution, we will
address only his assertion that admission of the victim’s out-of-court statements violated his
right of confrontation under the U.S. Constitution.
      Officer Watkins testified as to what Ms. Iloff told him as to who her assailant was and
what he did to her.
      Where an out of court declarant is not present for cross examination at trial, the right of
confrontation is violated unless the State meets the two part test set out in Ohio v. Roberts, 446
U.S. 100. Such test is: 1) the evidence must be “reliable” and 2) the State must show
“necessity,” i.e., that the declarant is unavailable. The identification of a time honored
hearsay exception only meets the “reliability” half of the test. Holland v. State, 802 S.W.2d
696, 699 (Tex. Crim. App. 1991); Long v. State, 792 S.W.2d 302, 312 (Tex. Crim. App.
1987).
      In this case, there was no showing that Ms. Iloff, the victim, was not available to testify.
      Testimony of Officer Watkins as to what Ms. Iloff told him was, thus, inadmissible as
violation of appellant’s right of confrontation under the U.S. Constitution.
      Point 1 is sustained as to the violation of appellant’s right of confrontation under the U.S.
Constitution. Because this testimony constitutes the only evidence upon which the judgment is
based, the error is clearly harmful to the defendant.
      Point 3: “The trial court erred in denying appellant’s request for ten additional days to
prepare for trial after the state amended the information.”
      The State did not amend the information. It merely abandoned a portion of the charge. In
such situations, Article 28.10 Tex. Code Crim. Proc. (which provides for 10 days additional
time for preparation for a defendant where an indictment or information is amended), is not
applicable. Stockton v. State, 756 S.W.2d 873, 876 (Tex. App.—Austin 1988, no pet).
      Point 3 is overruled.
      The sustaining of Point 1 as to the violation of Appellant’s right of confrontation under the
U.S. Constitution requires a reversal of the judgment and a remand of the case.
      Reversed and remanded.



                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Justice Vance,
      Justice Gray, and
      Chief Justice McDonald (Retired)
Reversed and remanded
Opinion delivered and filed October 4, 2000
Publish