**Forrestal Schoendienst ALLISON,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 67400.**

Court of Criminal Appeals of Texas,
Panel No. 2.

July 15, 1981.

Tom Mills, Elizabeth Unger Carlyle, Dallas, for appellant.

Henry Wade, Dist. Atty., R. K. Weaver and Lee Hight, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and TOM G. DAVIS and CLINTON, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation.

Originally appellant was charged by indictment with burglary of a habitation. On motion of the State the offense was reduced to burglary of a building with the approval of the court. Appellant entered a guilty plea before the court to that offense and his punishment was assessed at ten (10) years' imprisonment. The imposition of the sentence was suspended and he was placed on probation subject to certain conditions.

Later the State filed a motion to revoke probation alleging certain violations of the probationary conditions. On October 6, 1980, the court conducted a hearing on said motion. The appellant entered a plea of "true" to the allegations in the revocation motion. The State introduced a stipulation of evidence and the appellant took the stand and made a judicial confession as to the alleged violations. Probation was revoked, sentence imposed and notice of appeal given.

■ On appeal appellant attacks the validity of the original indictment for burglary of a habitation. As to his right to do so in an appeal from an order revoking probation, see *Daniels v. State*, 573 S.W.2d 21 (Tex.Cr.App.1978); *Reed v. State*, 586

S.W.2d 870 (Tex.Cr.App.1979). Appellant contends the indictment is defective because it fails to define what type of "owner" was involved and fails to define what type of "lack of effective consent." He relies upon the panel decision in *Thomas v. State*, 621 S.W.2d 158 (Tex.Cr.App. 1980). He argues that if *Thomas* requires a motion to quash the indictment he did in the instant case file a motion to quash alleging the indictment fails to set forth an offense in plain and intelligible words and "to allege with particularity a violation of the law and the Defendant cannot adequately prepare his defense."

On July 1, 1981, the en banc court in *Thomas* overruled the panel opinion and held the trial court there did not err in overruling the motion to quash the indictment for felony theft for failure to define or set forth the type of "owner" and type of "lack of effective consent" of the owner.

Further, if the motion to quash the indictment here was sufficient to call the trial court's attention to the defect in the indictment now claimed on appeal, *Green v. State*, 533 S.W.2d 769 (Tex.Cr.App.1976), we observe the appellate record fails to show that the motion was ever called to the court's attention or that the appellant ever obtained a ruling on the same. His contention is overruled.

■ Next appellant contends that it was error for the trial court to allow the State to reduce the original offense charged to burglary of a building, a second-degree felony.

Burglary of a building is a lesser included offense of burglary of a habitation as originally charged. *Jones v. State*, 532 S.W.2d 596, 601 (Tex.Cr.App.1976). The greater offense, when properly alleged, necessarily includes all the lesser included offenses whether each of their constituent elements are alleged in the wording of the indictment on the greater offense or not. We thus reject appellant's contention that the trial court erred in reducing the original offense to burglary of a building because the indictment did not allege "not open to

the public," an element of the lesser included offense.

Appellant further argues the State erred in amending the indictment by adding the words "not open to the public." He notes that matters of substance in an indictment cannot be amended.

An examination of the indictment does not show it was altered or amended in any way. The contention is without merit.

 Lastly appellant contends there is no evidence to support his plea of guilty to burglary of a building. See Article 1.15, V.A.C.C.P. He argues that his written "judicial confession," entered as a part of the stipulated evidence, states he entered a building not open to the public, owned by the same person alleged in the indictment; that it is impossible to tell whether the entry was of the same or different premises.

The agreement to stipulate evidence including the "judicial confession" is found in the clerk's transcript, but we find no transcription of the court reporter's notes of the guilty plea involved which is appellant's obligation to obtain for the purpose of the appellate record under Article 40.09, § 5, V.A.C.C.P. There is nothing to show that the "judicial confession" was the only evidence offered to support the guilty plea. We overrule appellant's contention.

The judgment is affirmed.