IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






Nos. PD-1437-04, PD-1454-04





DENNIS EARL PICKENS, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE EIGHTH COURT OF APPEALS


DALLAS COUNTY





 Johnson, J., delivered the opinion of the Court, joined by Meyers, Price,
Womack, Keasler, Hervey, Holcomb, and Cochran, JJ. Keller, P.J., concurred in
result.


O P I N I O N



 Based on two separate indictments, a jury convicted appellant of possession of four grams
or more but less than 200 grams of heroin and possession of one gram or more but less than four
grams of cocaine during the same incident. The jury found two enhancement allegations true and
sentenced appellant to concurrent terms of 25 years' confinement in the institutional division of the
Texas Department of Criminal Justice. The court of appeals affirmed the judgments and sentences
of the trial court. Pickens v. State, No. 08-02-00163-CR (Tex. App.-El Paso, delivered July 15,
2004)(not designated for publication), and Pickens v. State, No. 08-02-00164-CR (Tex. App.-El
Paso, delivered July 15, 2004)(not designated for publication). We granted review of each
conviction. In Cause No. PD-1454-04, possession of heroin, appellant raises two grounds for
review. (1) In Cause No. PD-1437-04, possession of cocaine, appellant raises four grounds for review,
two of which are legally identical to the grounds raised in Cause No. 1454-04. (2)

Facts

 A City of Dallas police officer testified that, while concealed under some cut tree limbs,
sticks and twigs in South Dallas, he observed appellant standing in the parking lot at a car wash, 
engaging in what appeared to be a hand-to-hand drug transaction. The officer stated that appellant
then walked to a car and sat in the driver's seat. Another man approached the car and handed cash
to appellant. The officer, using his binoculars, observed appellant reach down, lift a plastic "cup-holder," and remove a clear plastic baggie that contained several capsules. The officer testified that
he observed appellant sprinkle out some of the capsules into the palm of his hand and hold his hand
up; the other man removed several capsules and walked off. The officer stated that, based upon his
police department experience, such pills are typically powdered heroin or powdered cocaine. The
officer also testified that, over the course of the next 10 to 15 minutes, he observed appellant
complete two additional hand-to-hand transactions in the same manner. The officer radioed his
patrol partner, who was nearby, and observed his partner arrive at the scene, remove appellant from
the car in which he was seated, perform a pat-down frisk and search of appellant, handcuff him, and
place him in the police car. Backup cover officers arrived, and the car in which appellant had been
sitting was inventoried. Officers seized $540.00 in cash, the capsules in the baggie, and additional
drugs from the car's glove box. At trial, a chemist testified that some of the capsules recovered from
the car contained cocaine and some contained heroin.

 Appellant testified that, while standing outside a friend's vehicle in the parking lot of the car
wash and talking with some friends, one of the police officers drove up. Appellant testified that,
after pulling up and getting out of the police car, the officer pointed at him, called him over, and
asked him what he was doing. He testified that the officer then looked around inside the car, but
appellant could not see him remove anything. The officer then arrested appellant and placed him
in the back seat of the police car. Appellant testified, specifically denying possessing any heroin or
cocaine but admitted that the "organizer" (described by the officer as a "cup-holder") was his,
although he stated that it was on top of the car, not in it, and claimed that he had earned the $540.00
by chauffeuring for a handicapped woman who lived in Plano.

 The jury convicted appellant of possession of both heroin and cocaine. The jury assessed a
sentence of 25 years' incarceration for each offense. In the court of appeals, appellant claimed that
the jury charge contained egregious error because the trial court failed to inform the jury that it could
disregard the evidence if it believed, or had a reasonable doubt, that the officers illegally obtained
the evidence. In each of appellant's cases, the court of appeals held that, because appellant failed
to request a jury-charge instruction pursuant to Tex. Code Crim. Proc. Art. 38.23 and based upon
the testimony about the vehicle search, he did not preserve error on that issue. Pickens, supra, No.
08-02-00163-CR, slip op. at 11, and No. 08-02-00164-CR, slip op. at 7. The court of appeals cited
Kelly v. State, 669 S.W.2d 720, 726 (Tex. Crim. App. 1984), which declined to hold that the failure
to include a jury-charge instruction on the requirements of Article 38.23 constitutes fundamental
error or mandates reversal when no request for such instruction was made. Id. It also cited Texas
Rule of Appellate Procedure 33.1. Id.

 In Cause No. PD-1437-04, appellant also argued that the evidence was legally insufficient
because the indictment alleged possession with intent to deliver and, while the state moved to
proceed on possession only, the indictment was never physically amended, thus the jury was
prohibited from finding him guilty of simple possession.

 The court of appeals held that the state's motion before trial to reduce the charge to
possession, to which appellant did not object, was not an attempt to amend the indictment, but rather
was an announcement that the state had chosen to try appellant for the lesser-included offense of
possession. Pickens, supra, No. 08-02-00163-CR, slip op. at 4-6. It held that the state may abandon
an essential allegation if the effect of the abandonment is to leave the accused on trial for a lesser-included offense, and that "[i]n a prosecution for an offense with lesser included offenses, the jury
may find the defendant not guilty of the greater offense, but guilty of any lesser included offense."
Id. at 5. For the same reasons, the court of appeals overruled appellant's claim that the jury charge
contained egregious error because the trial court could not charge the jury on the lesser-included
offense of possession. Id. at 8. The court of appeals also held that, because appellant failed to
request a jury-charge instruction pursuant to Tex. Code Crim. Proc. Art. 38.23 and based upon the
testimony about the vehicle search, he did not preserve error on that issue. Id. at 11.

Sufficiency

 In his third ground for review in Cause No. 1437-04, appellant contends that the court of
appeals should have measured the sufficiency of the evidence by the greater offense, possession with
intent to deliver, because the state never amended the indictment. He argues that, because there was
no evidence presented at trial showing that he committed only the lesser-included possession, and
he should, therefore, have been acquitted. In ground four in Cause No. 1437-04, appellant asserts
that: 1) because the indictment was never amended, the state had to prove the greater offense,
possession with intent to deliver; and 2) because there was no evidence to support the jury charge
on the lesser-included possession offense, the submission of a jury charge on a lesser-included
offense of mere possession constituted error and resulted in egregious harm.

 The record reflects that the indictment alleged possession with intent to deliver cocaine, and
that the trial court granted the state's motion to reduce the offense to possession of more than one
gram. However, it also reflects that the indictment was never physically altered to show such
reduction. Appellant disputes the court of appeals' conclusion that the state merely abandoned an
element of the alleged offense and proceeded on the lesser-included offense. He also disagrees with
that court's reliance upon Allison v. State, 618 S.W.2d 763 (Tex. Crim. App. 1981), which held that
a properly alleged greater offense necessarily includes all of the lesser-included offenses, regardless
of whether each of their constituent elements are alleged in the wording of the greater offenses's
indictment, and invites us to overrule it.

 Appellant asserts that, while all the elements of a lesser offense are included within the
elements of a greater offense, the evidence presented at trial may not support a finding that a
particular lesser offense is included within the proof of the greater offense. He notes that, even if
the elements of the putative lesser offense are functionally the same or less than those required to
prove the charged greater offense, the facts must be analyzed to determine if the proof shows the
lesser offense such that the finder of fact could rationally find that the defendant is guilty of the lesser
offense and not guilty of the greater. Appellant asserts that the evidence in this case shows that he
is either guilty of possession with intent to deliver or that he is innocent; the evidence does not show
that he was not guilty of possession with intent to deliver and guilty of simple possession, thus
simple possession should not have been submitted to the jury. Appellant also asserts that, because
he was not found guilty of the charged offense, possession with intent to deliver, he was effectively
acquitted of it.

 The state argues that Allison, supra, and its progeny were correctly decided and should not
be overruled. It also argues that the trial court properly charged the jury on the lesser-included
offense of possession of cocaine and that the court of appeals did not err in finding that the charge
was proper.

Analysis

 The Code of Criminal Procedure, Art. 37.09, provides, among other things, that an offense
is a lesser-included offense if "it is established by proof of the same or less than all the facts required
to establish the commission of the offense charged[.]" We have held that, to determine whether
possession is a lesser offense of delivery and a conviction for possession was authorized under the
indictment for delivery, "[t]he relevant test is whether the lesser offense could be proved by the same
facts necessary to establish the offense charged." Jones v. State, 586 S.W.2d 542, 545 (Tex. Crim.
App. 1979). 

 The only difference between possession and possession with intent to deliver is the element
of intent to deliver. Appellant was identified as the person who retrieved and held in his hand the
drug-filled capsules and exchanged those capsules for cash in hand-to-hand transactions with other
people. This evidence of appellant's physical possession and control of the controlled substances
are facts that are also necessary to establish the charged offense of possession with intent to deliver.
Thus, the lesser offense of possession could be proved by the same facts necessary to establish
possession with intent to deliver. 

 In Allison, supra at 764, we held, "The greater offense, when properly alleged, necessarily
includes all the lesser-included offenses whether each of their constituent elements are alleged in the
wording of the indictment on the greater offense or not." Citing Allison, we have held that "[i]f the
constituent elements of a lesser offense are included within the charging instrument, in order to
obtain a conviction for the lesser offense, it is not necessary for the state to also plead the constituent
elements of the lesser offense." Aguilar v. State, 682 S.W.2d 556, 561 (Tex. Crim. App. 1985).

 Appellant seems to confound the well-settled two-prong test that must be met before a jury-
charge instruction on a lesser-included offense must be given with the standard to be used when
evaluating the sufficiency of the evidence. The test for submission of a jury charge requires that: 1)
the lesser-included offense must be included within the proof necessary to establish the offense
charged; and 2) some evidence must exist in the record that if the defendant is guilty, he is guilty
only of the lesser offense. Hampton v. State, 109 S.W.3d 437, 440 (Tex. Crim. App. 2003);
Rousseau v. State, 855 S.W.2d 666, 672 (Tex. Crim. App.), cert. denied, 510 U.S. 919 (1993). 
Stated in different terms, the defendant is not guilty of the greater offense, but is guilty of the lesser.

 The first prong requires that a lesser-included offense be included within the proof necessary
to establish the offense charged. The second prong acknowledges that there are factual
circumstances in which an offense is indeed a lesser-included offense under the first prong, but a
jury-charge instruction will not be required because the condition that the defendant is not guilty of
the greater offense, but is guilty of the lesser is not met. In such a case, the offense remains a lesser-included offense, but the trial court is not required to instruct the jury on it.

 We are not persuaded by appellant's arguments that this reasoning needs to be overruled. 
Accordingly, we overrule appellant's third ground for review, which seeks to overturn Allison, supra. 
Because there was no error in submitting the instruction to the jury, we also overrule appellant's
fourth ground, which alleges egregious harm in the trial court submitting a jury charge on the lesser-included offense of simple possession.

Jury-charge Error

 In his first ground for review in each case, appellant asserts that the court of appeals erred
in finding that he had waived his claim that challenged the jury charge, acknowledging Almanza v.
State, 686 S.W.2d 157 (Tex. Crim. App. 1985)(opinion on rehearing), yet inexplicably relying on
case law predating Almanza to support its finding of waiver. In ground two of each case, appellant
asserts that the court of appeals erred by failing to address every issue that was raised and is
necessary to final disposition of the appeal, as is required by Tex. R. App. P. 47.1, when it refused
to address the point of error that challenged the jury charge. Appellant complained in that point of
error that the trial court's failure to include, sua sponte, a jury-charge instruction, based upon Tex.
Code Crim. Proc. Art. 38.23, informing the jury that it could disregard the evidence if it believed,
or had a reasonable doubt, that the officers had obtained the evidence illegally, was error and resulted
in egregious harm.

Analysis

 Article 38.23 provides that no evidence obtained by an officer or other person in violation
of the laws or constitutions of Texas or the United States shall be admitted in evidence against the
accused on the trial of any criminal case. It also provides that, where the legal evidence raises such
an issue, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence
was obtained by such a violation, then it shall disregard any such evidence. 

 Based upon our holding in Almanza, supra, that unobjected-to jury-charge error warrants
reversal only when the error results in egregious harm, we have held that the question of whether the
defendant has preserved jury-charge error is relevant only if there is a determination that error
actually occurred. Thomas v. State, 723 S.W.2d 696, 707 (Tex. Crim. App. 1986). Thomas also
acknowledged that Article 38.23 provides in mandatory terms "that a jury is to be instructed to
resolve factual disputes over whether evidence was illegally obtained and, therefore, inadmissible."
Id. We have more recently reiterated that "an Article 38.23 instruction must be included in the jury
charge only if there is a factual dispute about how the evidence was obtained." Garza v. State, 126
S.W.3d 79, 85 (Tex. Crim. App. 2004). Thus, if a defendant raises a factual dispute about whether
evidence was illegally obtained, an Article 38.23 instruction must be included in the jury charge.

 The jury charge in this case did not contain such an instruction. Appellant did not suggest
to the trial court that the evidence raised a factual dispute as to whether the evidence had been legally
obtained. He neither requested an Article 38.23 instruction nor objected to its absence. On appeal,
appellant argued for the first time that the trial court's failure to include such an instruction, sua
sponte, was error and resulted in egregious harm. 

 In the instant case, the court of appeals did not determine whether there was such a factual
dispute. It simply held that appellant failed to preserve error on the issue of the Article 38.23
instruction and overruled his claim. Pickens, supra, No. 08-02-00163-CR, slip op. at 11, and No. 08-02-00164-CR, slip op. at 7. Without a factual dispute, there is no error and therefore no requirement
that the jury charge include an instruction pursuant to Article 38.23. Because, in addressing
appellant's second issue, the court of appeals failed to determine whether appellant had raised a
factual dispute about whether the evidence in question was illegally obtained, we hereby sustain
appellant's first ground for review in both cases. Accordingly, we remand both of these causes to
the court of appeals so that it may resolve that question. (3)

 Johnson, J.

En banc

Delivered: June 22, 2005

Publish
1. 1) The court of appeals erred in overruling petitioner's second issue on appeal, which attacked the jury
charge, because the court of appeals, while acknowledging Almanza applies to his second issue (which should mean
waiver is not possible), inexplicably relies upon case law predating Almanza for the proposition petitioner waived his
second issue.


2) The court of appeals erred by failing to address every issue raised and necessary to a final disposition of the
appeal, as required by rule 47.1 of the Texas Rules of Appellate Procedure, when it refused to address the merits of
petitioner's second issue on appeal, which attacked the jury charge.
2. 1) The court of appeals erred in overruling petitioner's fourth issue on appeal, which attacked the jury
charge, because the court of appeals, while acknowledging Almanza applies to his fourth issue (which should mean
waiver is not possible), inexplicably relies upon case law predating Almanza for the proposition petitioner waived his
fourth issue.


2) The court of appeals erred by failing to address every issue raised and necessary to a final disposition of the
appeal, as required by rule 47.1 of the Texas Rules of Appellate Procedure, when it refused to address the merits of
petitioner's fourth issue on appeal, which attacked the jury charge.


3) As regards petitioner's first issue on appeal, petitioner asks the Court to reconsider and, ultimately, overrule
Allison v. State and its progeny, because it is based upon an incorrect premise, namely, that lesser-included offenses
are determined uniquely by the elements of the offense.


4) The court of appeals erred by overruling petitioner's second issue on appeal because the jury charge contained
egregious error because, as a matter of law, the trial court could not charge the jury on the lesser-included offense of
possession.

3. Because of our disposition of appellant's first ground for review in each case, we dismiss appellant's
second ground in each case as improvidently granted.