IN THE COURT OF CRIM­INAL APPEALS

                                    OF
TEXAS

 

 

                                                                              

                                                                    PD-1594-02



 

 

                                                  AARON JUNIOR HALL, Appellant

 

                                                                             v.

 

                                                          THE
STATE OF TEXAS

 

 



                            ON DISCRETIONARY
REVIEW OF CASE 05-01-00655-CR

                                              OF
THE FIFTH COURT OF APPEALS

                                                              DALLAS
COUNTY



 

 

Womack, J., delivered the opinion of
the Court, in which Meyers, Price, John­son,
and Cochran, JJ., joined. Hervey, J., filed a dissenting opinion,
in which Keasler, J., joined. Keller, P.J., and Holcomb, J., dissented.

 








An important issue in this case was whether the offense of
aggravated assault by threat is a lesser-included offense of murder. We granted
review to resolve ambiguities and conflicts in our decisions about the method
of  determining whether the allegation of
a greater offense includes a lesser offense. We hold that the determination
should be made by comparing the elements of the greater offense, as the State
pled it in the indictment, with the elements in the statute that defines the
lesser offense. We decide that aggravated assault was not a lesser offense
included in the offense of murder that was alleged in the indictment in this
case.

                                                                             I.

The laws in our nation have taken four approaches to
lesser-included offenses, which have been labeled Astrict-statutory,@ AcognateBpleadings,@
Acog­nateBevidence,@ and Ainherently
related.@[1]

Some states permit a lesser included-offense instruction only
when all of the statutory elements of the lesser offense are contained within
the statutory elements of the greater offense.[2]
This has been called the strict statutory approach.[3]

Many states have found this approach to be inflexible,[4]
and have adopted standards that permit an instruction even when the lesser
offense is not composed of a subset of the statutory elements of the greater
crime. This approach is known as the Acognate@ theory, and it is the majority
approach.[5]
There are two significantly different versions of the cognate theory, which
mirror the two divergent lines of authority in our own cases. 








One is known as the Acognate-pleadings@ approach,[6]
in which the court looks to the facts and elements as alleged in the charging
instrument, and not just to the statutory elements of the offense, to determine
whether there exists a lesser-included offense of the greater charged offense.[7]

The other cognate approach is known as the Acognate-evidence@
approach, a more liberal approach in which the court includes the facts adduced
at trial in its lesser-included offense analysis.[8]

The fourth, and most liberal, view is the one reflected in the
Model Penal Code, which permits a lesser-included offense instruction on any
offense that is Ainherently
related@ to the
greater offense.[9]
At least one state permits lesser-included offenses to be determined solely
from the evidence without reference to relationship or the elements of the
crime, taking the most expansive portions of the cognate evidence approach and
the inherent relationship approach.[10]









                                                                  II.
Article 37.09

In this state, the answers to questions about lesser-included
offenses must be based on Article 37.09 of the Code of Criminal Procedure,
which was Texas= first
general statute that defined lesser-included offenses.

Before the enactment of Article 37.09 in 1973, the Code of
Criminal Procedure did not contain a generally applicable rule for
lesser-included offenses. Instead, it specified that certain offenses included
certain lesser offenses:

The
following offenses include different degrees:

(1)
Murder, which includes all the lesser degrees of culp­able homicide, and also
an assault with intent to commit murder;

(2)
An assault with intent to commit any felony, which includes all assaults of an
inferior degree;

(3)
Maiming, which includes aggravated and simple assault and battery;

(4)
Burglary, which includes every species of house break­ing and theft or other
felony when charged in the indictment in connection with the burglary;

(5)
Riot, which includes unlawful assembly;

(6)
Kidnapping or abduction, which includes false impris­onment; and

(7)
Every offense against the person includes within it assaults with intent to
commit said offense, when such attempt is a violation of the penal law.[11]

 

Article 37.09 became effective on January 1, 1974, as a
conforming amendment in the new Penal Code Act. Rather than providing a list of
greater and lesser offenses, it set out general definitions of a
lesser-included offense that apply to all offenses:

An offense
is a lesser included offense if:








(1)
it is established by proof of the same or less than all the facts required to
establish the commission of the offense charged;

(2)
it differs from the offense charged only in the respect that a less serious
injury or risk of injury to the same person, prop­erty, or public interest
suffices to establish its commission;

(3)
it differs from the offense charged only in the respect that a less culpable
mental state suffices to establish its commis­sion; or

(4)
it consists of an attempt to commit the offense charged or an otherwise
included offense.[12]

 

The problematic definition is in Article 37.09(1) C specifically the term Afacts required to establish.@

                                                                 III.
Day v. State

We gave the term Afacts
required to establish@
two different interpretations in the very first case in which we construed
Article 37.09(1): Day v. State.[13]
One interpretation was in our opinion on original submission, on which we shall
rely in this case. The other interpretation was in the opinion on rehearing,
which we shall modify and correct.

Day was charged with, and convicted of, burglary with intent to
commit theft. He appealed, complaining of the trial court=s refusal to charge the jury on a
lesser-included offense of crim­inal trespass. The evidence was that police
found Day inside a restaurant, which was not open, at 3 a.m. The front window
was broken, a cigarette machine had been broken into, a box containing property
from the manager=s office
was near the cigarette machine, and Day had a letter opener from the office in
his pocket.








[Day,]
testifying in his own behalf, stated that at approximately 3 a.m. on the date
in question he was proceeding past [the restaurant] on the way home from a
girlfriend=s house.
He stated that he observed a man come out of the restaurant and then noticed
that a window had been broken out. [He] entered the restaurant through the
broken window intending to telephone the police to report the broken window. He
stated that the cigarette machine was already overturned and the cigarette
packs already scattered on the floor at the time of his entry. [He] testified
that he stepped on the letter opener and then put it in his pocket as a Areflex action.@
By his testimony, he was unable to find a light switch or telephone and was
apprehended by the police approximately two minutes after entry.[14]

 

In our opinion on original submission in Day we established
the method of analysis under the new statute. There are two steps in the
analysis of whether there may be a conviction for a lesser offense in a
particular case. AOur
initial inquiry concerns whether criminal trespass is, as the appellant
contends, a lesser included offense of burglary.@[15]
After we determined that it was a lesser-included offense, AOur next inquiry concerns whether there
was sufficient evidence at trial to have required the court to submit to the
jury the issue of criminal trespass.@[16]








We also demonstrated the methods and standards to be used in the
two-step analysis. The first step was to determine whether criminal trespass
was a lesser-included offense of burglary. We began by setting out the four
definitions of a lesser-included offense in Article 37.09.[17]
Then we set out the statutory elements of burglary and criminal trespass.[18]
Then we compared the elements of the charged offense and the lesser offense and
construed some terms in the statutes.[19]
We concluded, ATherefore,
the elements of criminal trespass, including >notice,= could be established by proof of the
same facts necessary to prove the offense of burglary. The proof of additional
facts would not be necessary, and the requirement of Article 37.09(1), Vernon=s Ann. C.C.P., would be satisfied.
Therefore, we hold that the offense of criminal trespass is a lesser included
offense of all three types of burglary.@[20]

The first step of the analysis was completed by comparing the
elements of the greater offense and the lesser offense without any reference to
the facts or evidence of the particular case.

On rehearing, the Court=s
opinion incorrectly said the opposite.

The Day Court took up two issues on rehearing. One was the
State=s
argument Athat the
requested charge was properly denied because the indictment would not support a
conviction for criminal trespass. The State cites numerous authorities for the
proposition that an indictment will not support conviction for what otherwise
would be a lesser included offense unless the indictment pleads all of the
necessary allegations to charge such other offense.@[21]
After surveying the law of lesser-included offenses before 1973, we said, AWith respect to the State=s challenge raised against the power of
the court to enter judgment for criminal trespass upon the indictment in this
case, we hold that the new statutory scheme of lesser included offenses, as
contrasted with the old statutory scheme of offenses with degrees, did not
create such a restriction upon the jurisdiction of the trial court once
properly invoked to try the offense charged, to proceed to judgment upon the
lesser included offense Y.@[22]








 Just before that holding,
the Court made the statement, AOn
original submission we held that on the facts of this case criminal
trespass was a lesser included offense to the burglary charged under the terms
of Art. 37.09(1), V.A.C.C.P.@[23]
This was a misstatement of the holding on original submission, which had made
no reference to the facts of the case.

We made a similar statement in connection with the next issue,
which was our sua sponte decision to consider the constitutionality of
the new statute. Some aspects of the lesser included-offense statutes before
1973 fell short of the constitutional requirements for due process of law. If
an offense was listed in the former statute as a lesser-included offense, we
held that the elements of the lesser offense need not be pleaded in the
indictment for the greater offense.[24]

To dispense
with the need for pleading all the constituent elements of the lesser offense,
which applies in other cases Y
the relationship between the offense charged and the other offense not only
must be within the terms of the statute specifying offenses with degrees, but
also that relationship between the two offenses must be such that the other
offense is in fact not repugnant to the offense charged. To state that the
Legislature by statute may authorize conviction for any offense so designated
upon trial for some other offense regardless of the relation­ship between the
two is to state an obvious absurdity violative of basic principles of due
process. [Footnote 5:] A statute within such absurd principle might authorize
upon the trial of A for the murder of B a conviction for the murder of C, or
the rape of D, or the possession of contraband, or any other offense. The
violations of due process that would occur are manifest.[25]

 

Although the parties had not raised the question, the Court held
that the 1973 revision of Article 37.09 did not violate the constitution in
this way.








 The careful reader will observe that each
definition in Art. 37.09 is stated with reference to Athe
offense charged,@ and
moreover, each such definition specifi­cally states the manner in which the
lesser included offense differs from the offense charged. The enumerated
variations in the statute do not enlarge upon the offense charged, but instead
vary in a manner that either is restrictive or reduces culpability as compared
to the offense charged. In view of those restrictions, we hold Arts. 37.08 and
37.09, supra, are constitutional insofar as they authorize, as did the prior
scheme of degrees of offenses, conviction upon an indictment charging one
offense for a lesser included offense of the offense charged.[26]

 

Then our opinion on rehearing made a second troublesome
statement. AWe must
add, however, that wheth­er one offense bears such a relation­ship to the
offense charged is an issue which must await a case by case deter­mination,
both because the statute defines lesser included offenses in terms of the
offense charged and because it defines lesser included offenses in terms of the
facts of the case.@[27]

Th trouble with the statement is that Article 37.09(1) does not
speak of the facts of the case; it speaks of Athe
facts required to establish the commission of the offense charged.@ The opinion on rehearing, without
analysis, said this meant the evidence in the case. The opinion on original
submission used the elements of the offense charged, without reference to the
evidence in the case.

Thus, in our first case to construe Article 37.09, a majority of
the Court took conflicting positions.








When it said that the question of whether one offense was
included in another depended on the evidence, the opinion on rehearing in Day
was misread­ing both the opinion on original submission and Article 37.09. This
view is somewhat bolstered by the fact that only eight weeks after the Court
delivered the opinion on rehearing in Day, the author of that opinion
denied that his opinion should be read to authorize consideration of the
evidence on the issue of whether one offense was included within the allegation
of another.[28]
Until today, this court has frequently ignored his protestations, and continued
to say that Article 37.09 as interpreted in the opinion on rehearing in Day
requires consideration of the evidence in making the decision.








The conflict has persisted, with some of the Court=s opinions determining whether one
offense is a lesser-included offense of another by comparing the elements of
the offenses,[29]
and others by comparing the evidence in the case to the elements of the lesser
offense.[30]

The question to be resolved is whether Athe
facts required@ in
Article 37.09(1) are determined by the evidence adduced at trial, or whether
the determination is a question of law that can be answered before the trial
begins by looking at the elements and facts alleged in the charging instrument.








The statement in the opinion on rehearing in Day that Athe statute defines lesser included
offenses in terms of the offense charged and Y
it defines lesser included offenses in terms of the facts of the case,@[31]
is based on a misreading of the statute. Instead of seeing the statute as
providing alternate definitions of lesser-included offenses, the proper reading
follows the bulk of the court=s
analysis in Day: the statute sets out the two-step process of first
looking at the charging instrument to discern the lesser-included offenses and
next determining whether the evidence at trial supports giving one of these
predetermined lesser-included offense instructions.

                                                        III.
Constitutional Implications

This court has said on a number of occasions that when the
greater offense may be committed in more than one manner, the manner alleged
will determine the availability of lesser-included offenses. For example,
aggravated assault may be committed by threat with a deadly weapon or by
inflicting serious bodily injury.[32]
Assault by committing bodily injury is a lesser-included offense of aggravated
assault by inflicting serious bodily injury, but not of aggravated assault by
threat with a deadly weapon.[33]
An allegation of sexual abuse of a child by contact between the defendant=s genitals and child=s mouth will not support a
lesser-included offense of indecency with a child.[34]
If the evidence determines whether an offense is included within the alleged
offense, the results would be different.

The United States Supreme Court referred to this problem in Schmuck
v. United States.[35]
The Court construed Federal Rule of Criminal Procedure 31(c), which speaks in
terms of a lesser-included offense=s
being Anecessarily
included in the offense charged.@
The Court indicated that there might be a constitutional violation if the
relationship were based on evidence rather than the pleaded elements: 








Since
offenses are statutorily defined, that comparison is appropriately conducted by
reference to the statutory elements of the offense in question, and not, as the
inherent relationship approach would mandate, by reference to the conduct
proved at trial regardless of the statutory definitions. Y Furthermore, the language of Rule
31(c) speaks of the necessary inclusion of the lesser included offense
in the greater. While the elements test is true to this requirement, the
inherent relationship approach dispenses with the required relationship of
neces­sary inclusion: the inherent relationship approach permits a lesser
included offense instruction even if the proof of one offense does not
invariably require proof of the other as long as the two offenses serve the
same legislative goals. Y

It
is ancient doctrine of both the common law and of our Constitution that a
defendant cannot be held to answer a charge not contained in the indictment
brought against him. Y
This stricture is based at least in part on the right of the defendant to
notice of the charge brought against him. Y
Were the prosecutor able to request an instruction on an offense whose elements
were not charged in the indictment, this right to notice would be placed in
jeopardy.[36]

 

Other courts have remarked on the lack of notice when the
evidence test is used. For example, the Florida Supreme Court said:

The
accusatory pleading must apprise the defendant of all offenses of which he may
be convicted. This Y means
that he may be convicted of any lesser offense, which, although not an
essential ingredient of the major crime, is spelled out in the accusatory
pleading in that it alleges all of the elements of the lesser offense and the
proof at trial supports the charge. The gist is not what the defendant would
like to persuade a jury he may be guilty of, but that the accusatory pleading
apprise him of all offenses of which he may be convicted.[37]

 

Our Code of Criminal Procedure also recognizes that the charging
instrument should include all of the elements of the offenses with which the
defendant is charged. Article 21.03 commands, AEverything
should be stated in an indictment which is necessary to be proved.@ Determining lesser-included offenses
from the evidence at trial instead of from the elements of the offense listed
on the charging instrument fails to adhere to this directive.








Another problem with the evidence approach is that the Supreme
Court compares elements of offenses, rather than conduct or evidence, to decide
when successive prosecutions violate the Double Jeopardy Clause of the Fifth
Amendment.[38]
In the absence of a contrary expression of legislative intent, the elements of
offenses, as they are pleaded in the indictment, also are compared to decide
whether multiple punishments violate the Double Jeopardy Clause.[39]
Problems could result if lesser-included offenses were determined by a
comparison of evidence at trial, while jeopardy issues were determined by a
comparison of the statutory elements as alleged in the charging instrument, for
conviction bars prosecution for a greater or lesser-included offense.[40]

                                                                            IV.








Article 37.09, as it was applied in the Court=s opinion on original submission in Day,
is compatible with the cognate-pleadings approach to lesser-included offenses,
although this label was not adopted in the opinion. When the Court evaluated
the burglary statute to see, as a matter of law, whether trespass was a
lesser-included offense, it held that although burglary of a building does not
include an element of notice, which is a requirement of the offense of
trespass, that element is satisfied by proof of a Afencing
or other enclosure obviously designed to exclude intruders.@[41]

However, if the factual allegations in the charging instrument
did not reflect that the building=s
exterior served as such a barrier, then Aadditional
facts@ would be
necessary to support trespass as a lesser-included offense. The opinion on
original submission in Day used the pleadings approach to find that
trespass is a lesser-included offense of burglary.

As explained above, this court=s
cases have been in conflict since Day was decided. We have made many
decisions by analyzing the elements of the offenses, and not the evidence. In Parrish
v. State,[42]
the Court used the elements test to hold that aggravated assault is not a
lesser-included offense of burglary with intent to commit aggravated assault,
explaining:








In Texas,
an offense is considered to be included within another if, among other things, Ait is established by proof of the same
or less than all the facts required to establish the commission of the offense
charged[.]@ Art.
37.09(1) (West 1981). Our statute law thus describes includedness in much the
same way Blockburger describes sameness. Yet we have long considered
more than merely statutory elements to be relevant in this connection. See,
e.g., Goodin v. State, 750 S.W.2d 789 (Tex. Cr. App. 1988); Cunning­ham
v. State, 726 S.W.2d 151 (Tex. Cr. App. 1987); Broussard v. State,
642 S.W.2d 171, 173 (Tex. Cr. App. 1982); Day v. State, 532 S.W.2d 302
(Tex. Cr. App.1976). We acknowledge, for example, that other critical elements
of an accusatory pleading, such as time, place, identity, manner and means,
although not statutory, are germane to whether one offense includes another
under Texas law and to whether several offenses are the same for jeopardy
purposes. See Ex parte Jefferson, 681 S.W.2d 33 (Tex. Cr.
App.1984); Neely v. State, 571 S.W.2d 926 (Tex. Cr. App. 1978). We
likewise think it reasonably clear from the various opinions in Dixon
that the essential elements relevant to a jeopardy inquiry are those of the
charging instrument, not of the penal statute itself. Statutory elements will,
of course, always make up a part of the accusatory pleading, but additional
nonstatutory allegations are necessary in every case to specify the unique
offense with which the defendant is charged.[43]

 

More recently, the Court approved the use of the pleadings
approach: 

The State=s disagreement with the Court of
Appeals in the instant case essentially turns on what is meant by Afacts required@
in Article 37.09(1). The State argues this focuses on the evidence the State
presented to prove the charged offense. But such interpretation negates the
language of Article 37.09(1) by changing Afacts
required@ into Afacts presented.@
AFacts required@
means the evidence legally required to prove the elements. For instance, the
State may prove more than is legally required by also proving a different
offense than the charge offense just because of the facts in the particular
case. The constitutional validity of Article 37.09 rests in part on its
reference to the offense charged and to the restricted or reduced culpability
of the lesser included offense as compared to the offense charged. Day,
532 S.W.2d at 315. Otherwise a defendant could be convicted of offense not
subsumed in the charged offense but shown by the evidence presented. That is
why a lesser included offense is defined with reference to the facts Are­quired@
to establish the charged offense rather than to facts presented at trial.[44]

 

The
Court has since repeated its endorsement of the pleadings test for
lesser-included offenses.[45]













A decision that lesser-included offenses are determined from the
elements of the offense and the facts as alleged in the charging instrument,
would require us to address conflicts in our cases. For example, in Allison
v. State,[46]
the appellant had been charged with burglary of a habitation, but the State
reduced the original offense charged to burglary of a building. The Court found
no error, saying, ABurglary
of a building is a lesser included offense of burglary of a habitation as
originally charged.@[47]
At this point the Court seemed to be following the pleading approach by finding
the lesser-included offense from the facts and elements as alleged in the
indictment.  In the next sentence,
however, the Court stepped into the confusion that the conflicting tests have
wrought and implied that it was following the evidence approach. It supported
its holding by saying, AThe
greater offense, when properly alleged, necessarily includes all the lesser
included offenses whether each of their constituent elements are alleged in the
wording of the indictment on the greater offense or not.@[48]
This assertion would subject the present statute to the same due-process
concerns that bothered the pre-1973 statute, because the face of the charging
instrument would not have to contain the elements of the lesser-included
offenses.[49]
The Court cited no authority for this proposition, although it has been
repeated since.[50]
The only case that was cited in Allison was one in which, before
reforming the conviction, the Court held that Aburglary
of a >building= is a lesser included offense of
burglary of a >habitation= where the proof shows an
enclosed structure.@[51]
Allison, therefore, sup­ported its use of the pleadings test by citing
to an opinion that used the evidence test. Its assertion, that the greater
offense necessarily includes all lesser-included offenses although their
elements are not alleged in the indictment, turned on its assumption that the
greater offense was Aproperly
alleged.@ This
comports with the pleadings approach: the elements and the facts alleged in the
charging instrument are used to find lesser-included offenses; therefore, the
elements of the lesser offense do not have to be pleaded if they can be deduced
from the facts alleged in the indictment. This interpretation saves the statute
from the due-process concerns that were expressed in Day.

We now hold that the pleadings approach is the sole test for
determining in the first step whether a party may be entitled to a
lesser-included-offense instruction. The availability of a lesser-included
instruction in a given case still would depend on the second step, whether
there is some evidence adduced at trial to support such an instruction.

The first step in the lesser-included-offense analysis,
determining whether an offense is a lesser-included offense of the alleged
offense, is a question of law. It does not depend on the evidence to be
produced at the trial. It may be, and to provide notice to the defendant must
be, capable of being performed before trial by comparing the elements of the
offense as they are alleged in the indictment or information with the elements
of the potential lesser-included offense.








The evidence adduced at trial should remain an important part of
the court=s
decision whether to charge the jury on lesser-included offenses. The second
step in the analysis should ask whether there is evidence that supports giving
the instruction to the jury. AA
defendant is entitled to an instruction on a lesser‑included offense
where the proof for the offense charged includes the proof necessary to
establish the lesser‑included offense and there is some evidence in the
record that would permit a jury rationally to find that if the defendant is
guilty, he is guilty only of the lesser‑included offense.@[52]
In this step of the analysis, anything more than a scintilla of evidence may be
sufficient to entitle a defendant to a lesser charge.[53]
In other words, the evidence must establish the lesser‑included offense
as Aa valid, rational alternative to the
charged offense.@[54]

Applying the first step of the lesser included-offense analysis
in the instant case, we do not consider the evidence that was presented at
trial. Instead, we consider only the statutory elements of murder as they were
modified by the particular allegations in the indictment:

(1) the appellant 

(2) caused the death of an individual

(3) by shooting the individual with a gun

(4) (a) with intent to cause the individual=s death or 

      (b) (1) with intent
to cause the individual serious bodily injury and

.                       (2) committing an act clearly dangerous to
human life.

We then compare them with the elements of the lesser offense of
aggravated assault by threat that could be included in that offense:

(1) the appellant 

(2) threatened another individual with imminent bodily injury 

(3)  intentionally,
knowingly, or recklessly.

(4) by displaying a deadly weapon, namely a gun.








We then ask the question that Article 37.09(a) poses: are the
elements of the lesser offense Aestablished
by proof of the same or less than all the facts required to established the
commission of the offense charged@?

The answer is that they are not. The facts required to prove the
lesser offense include two that are not the same as, or less than, those
required to establish the offense charged: threatening and display.

It is true that the evidence may show threatening and display.
The evidence may show a number of other lesser offenses as well, such as
disorderly conduct by discharging a firearm in a public place or across a
public road or by displaying a firearm in a public place in a manner calculated
to alarm,[55]
unlawful carrying of weapon,[56]
or unlawful possession of weapon.[57]
But those offenses likewise are not established by the same or less than the
proof required to prove the allegations in the indictment for murder.
Aggravated assault by threat, like the other offenses mentioned, requires proof
of additional facts.

The Court made this clear in Day. Burglary can be
committed by unlawfully entering a building with intent to commit theft, or by
unlawfully entering and thereafter committing theft. The evidence in the case
would have supported a verdict for either theory of burglary, but the
indictment did not allege the element of committing theft after entry.








The cognate-pleadings analysis that we used in the opinion on
original submission in Day requires us to reason that, although the
evidence may have supported a verdict of aggravated assault by the threat of
displaying a gun, the indictment did not allege threats or dis­play. By
analyzing the statutory elements of the offense as they were modified in the
indictment, the assault by threats was not included within the allegation of
murder.

To hold otherwise would be contrary to the better analysis of the
statute and might run afoul of the requirements of due process by making it
impossible to know before trial what lesser offenses are included within the
indictment, yet making it possible at the end of the trial to convict for any
offense that was incidentally shown by the evidence.

We disapprove the statements in the opinion on rehearing in Day
that implied the contrary, and (like the author of those statements) we
disapprove the decisions that have held the contrary.[58]

                                                                   V.
Conclusion

We did not grant review of the Court of Appeals= decisions that the issue of error in
the charge was preserved for appellate review, that a judgment of guilt of a
lesser offense that was not included in the alleged offense is void because a
trial court has no jurisdiction to enter such a judgment,[59]
or that the appellant suffered harm that required reversal. We express no
opinion as to the correctness of those decisions.[60]

The judgment of the Court of Appeals is affirmed.

 

Delivered May 9, 2007.

Publish.











[1] See generally Russell G. Donaldson,
Annotation, Lesser-related State Offense Instructions: Modern Status, 50 A.L.R. 4th 1081 (1986). 





[2] See, e.g., State v. Fisher, 686
P.2d 750, 770 (Ariz. 1984); State v. Zdiarstek, 193 N.W.2d 833, 838
(Wis. 1972); .





[3] See Christen R. Blair, Constitutional
Limitations on the Lesser Included Offense Doctrine, 21 Am. Cr. L. Rev. 445, 449 (1984). 





[4] See, e.g., State v. Hawkins, 203
N.W.2d 555, 557 (Iowa 1973) (abandoning the strict statutory approach for an
evidentiary-based approach).





[5] See Blair, supra note 3, at 449 (noting
that the cognate approach is the majority approach); accord, Jerrold H.
Barnett, The Lesser Included Offense Doctrine, 5 Conn. L. Rev. 255, 291 (1972). 





[6] See Blair, supra note 3, at 449. 





[7] See, e.g., State v. Curtis, 944
P.2d 119, 121B22 (Idaho 1997) (holding that a court looks both to
the statutory elements and to the information to determine whether it Acharges the accused with a crime the proof of which
necessarily includes proof of the acts that constitute the lesser included
offense@); see also Blair, supra note 38, at 449.





[8] See, e.g., People v. Beach, 418
N.W.2d 861, 866B67 (Mich. 1988) (applying the Acognate evidence@
approach: a lesser-included offense instruction may be given even though all of
the statutory elements of the lesser offense are not contained in the greater
offense, if the Aoverlapping elements relate to the common purpose of
the statutes@ and the specific evidence adduced would support an
instruction on the cognate offense).





[9] See, e.g., United States v. Whitaker,
447 F.2d 314, 319 (D.C. Cir. 1971), overruled by Schmuck v. United States,
489 U.S. 705, 721 (1989). Some states have adopted the inherent relationship
approach without having adopted the Model Penal Code language. See, e.g.,
People v. Geiger, 674 P.2d 1303, 1306B12 (Cal.
1984), overruled by People v. Birks, 960 P.2d 1073, 1074‑75
(Cal. 1998). 





[10] See State v. Gopher, 633 P.2d 1195,
1196B97 (Mont. 1981).





[11] Code of Criminal Procedure Act, 59th Leg., R.S.,
ch.722, ' 1, art. 37.09, 1965 Tex. Gen. Laws vol. 2, 317, 463, repealed
by Penal Code Act of 1973, 63rd Leg., R.S., ch. 399, ' 2(A), art. 37.09, 1973 Tex. Gen. Laws 883, 972.





[12] Penal Code Act, note 11, supra.





[13] 532 S.W.2d 302 (Tex. Cr. App. 1976).





[14] Id., at 304.





[15] Ibid.





[16] Id., at 306.





[17] Id., at 304.





[18] Id., at 304B06.





[19] Id., at 306.





[20] Ibid.





[21] Id., at 310.





[22] Id., at 315.





[23] Ibid. (emphasis added).





[24] Id., at 314.





[25] Ibid.





[26] Id., at 315.





[27] Id., at 315B16
(emphasis added).





[28] See concurring opinion of Odom, J., in Graves
v. State, 539 S.W.2d 890, 892 (Tex. Cr. App. 1976) (footnote omitted):

AArticle
37.09(1) does not support the conclusion that driving while intoxicated is a
lesser included offense of a Sec. 19.05(a)(2) involuntary manslaughter.  In fact, Day v. State, supra, foresaw
and warned against such an interpretation of that article as would be required
to hold that driving while intoxicated is a lesser included offense to the
offense here charge. In closing the opinion on rehearing, the Court stated:

>The
careful reader will observe that each definition in Art. 37.09 is stated with
reference to Athe offense charged,@ and
moreover, each such definition specifically states the manner in which the
lesser included offense differs fromt he offense charged. The enumerated
variations in the statute do not enlarge upon the offense charged, but instead
vary n a manner that either is restrictive or reduces culpability as
compared to the offense charged.  In
view of those restrictions, we hold Arts. 37.08 and 37.09, supra, are
constitutional insofar as they authorize, as did the prior scheme of degrees of
offenses, conviction upon an indictment charging one offense for a lesser
included offense of the offense charged Y=  (Emphasis added.)

AThe restrictive effect of the word >required= in Art.
37.09(1) cannot be ignored.  In applying
the test one does not examine what the proof showed in establishing the
offense charged; rather one must look to what facts in the proof were required
to establish the offense charged.  The
broader reading of the statute would render any offense incidentally
proven in the course of trial a lesser included offense, and authorize its
submission to the jury.  Such >lesser included offenses= under
Art. 37.09(1) would include any offense committed near the time of the offense
charged and proven up as >res gestae= of the
offense, any offenses committed near the time of arrest and proven up as >res gestae= of the
arrest, any extraneous offenses proven in rebuttal on an issue raised by the
defense, and any other offense shown incidentally in the course of the trial,
because any such offense would have been established by what the proof of the
offense charged showed, even though it was not established by the proof
of the facts required to establish the offense charged.@





[29] See, e.g., Schweinele v. State,
915 S.W.2d 17, 18 (Tex. Cr. App. 1996); Jacob v. State, 892 S.W.2d 905,
908 (Tex. Cr. App. 1995); Godsey v. State, 719 S.W.2d 578, 584 (Tex. Cr.
App. 1986); Santana v. State, 714 S.W.2d 1, 9 (Tex. Cr. App. 1986); Earls
v. State, 707 S.W.2d 82, 84-85 (Tex. Cr. App. 1986); Bell v. State,
693 S.W.2d 434, 438 n.8 (Tex. Cr. App. 1985); Sanders v. State, 664
S.W.2d 705, 706B07 (Tex. Cr. App. 1982); Little v. State, 659
S.W.2d 425, 426 (1983); Luera v. State, 658 S.W.2d 566, 568 (Tex. Cr.
App. [Panel Op.] 1981); Rocha v. State, 648 S.W.2d 298, 301B02 (Tex. Cr. App. 1982) (op. on reh=g); Allison v. State, 618 S.W.2d 763, 764 (Tex.
Cr. App. [Panel Op.] 1981); McKinney v. State, 615 S.W.2d 223, 224 (Tex.
Cr. App. [Panel Op.] 1981); Ormsby v. State, 600 S.W.2d 782, 784 (Tex.
Cr. App. [Panel Op.] 1979); Martinez v. State, 599 S.W.2d 622, 624 (Tex.
Cr. App. [Panel Op.] 1980); Jones v. State, 586 S.W.2d 542, 544 (Tex.
Cr. App. [Panel Op.] 1979); Briceno v. State, 580 S.W.2d 842, 844 (Tex.
Cr. App. [Panel Op.] 1979); Neely v. State, 571 S.W.2d 926, 927B28 (Tex. Cr. App. [Panel Op.] 1978); Bayona v.
State, 544 S.W.2d 155, 156 (Tex. Cr. App. 1976); Mitchell v. State,
543 S.W.2d 637, 638 (Tex. Cr. App. 1976); Teal v. State, 543 S.W.2d 371,
373B74 (Tex. Cr. App. 1976); Graves v. State, 539
S.W.2d 890, 892 (Tex. Cr. App. 1976) (Odom, J., concurring); Hazel v. State,
534 S.W.2d 698, 700B01 (Tex. Cr. App. 1976); Raven v. State, 533
S.W.2d 775 (Tex. Cr. App. 1976).





[30] See, e.g., Cunningham v. State,
726 S.W.2d 151, 153B54 (Tex. Cr. App. 1987); Moreno v. State, 702
S.W.2d 636, 640 (Tex. Cr. App. 1986); Chanslor v. State, 697 S.W.2d 393,
397 (Tex. Cr. App. 1985); Aguilar v. State, 682 S.W.2d 556, 559 (Tex.
Cr. App. 1985) (Clinton, J., dissenting); Broussard v. State, 642 S.W.2d
171, 173 (Tex. Cr. App. 1982); Eldred v. State, 578 S.W.2d 721, 722
(Tex. Cr. App. [Panel Op.] 1979); Campbell v. State, 571 S.W.2d 161, 162
(Tex. Cr. App. 1978) (en banc); Sutton v. State, 548 S.W.2d 697, 699
(Tex. Cr. App. 1977); Jones v. State, 532 S.W.2d 596, 601 (Tex. Cr. App.
1976).





[31] Day, 532 S.W.2d, at 316.





[32] Compare Penal
Code ' 22.02(a)(1) with ' 22.02(a)(2). 





[33] Mitchell v. State, 543 S.W.2d 637 (Tex. Cr.
App. 1976).





[34] Martinez v. State, 599 S.W.2d 622 (Tex. Cr.
App. 1980).





[35] 489 U.S. 705 (1989).





[36] Id., at 718B19.





[37] State v. Anderson, 270 So. 2d 353, 356 (Fla.
1972).





[38] See United States v. Dixon, 509 U.S. 688, 711B12 (1993).





[39] See Missouri v. Hunter, 459 U.S. 359, 367-68
(1983). In Hunter, the Supreme Court implicitly adopted the pleadings
approach for evaluating double-jeopardy violations. The defendant in Hunter
was convicted of robbery and armed criminal action, which punished any felony,
in this case the robbery, committed with a deadly weapon. Id., 459 U.S., at 361B62. The
Supreme Court held that these offenses were the Asame
offense@for double-jeopardy purposes under Blockburger.
See Hunter, 459 U.S., at 368. Because it is possible to commit robbery
without using a weapon, for example through intimidation or force, the
determination that these were the same offense required the Court to consider
the elements of the offense as pleaded in the indictment rather than as listed
in the statute. Although it held the crimes to be the same offense, the Court also
held that the Missouri legislature intended cumulative sentences, therefore the
Double Jeopardy Clause was not violated. See id. 





[40] See Brown v. Ohio, 432 U.S. 161, 168-69 (1977)
(Athe Fifth Amendment forbids successive prosecution and
cumulative punishment for a greater and lesser included offense@). As in Hunter, the Supreme Court in Brown
implicitly used the pleadings approach in applying the Blockburger test.
The Court held that a conviction for joyriding, operating a motor vehicle
without the owner=s consent, precluded a later conviction on auto theft
because the two were the Asame offense@ under Blockburger.
See Brown, 432 U.S. at 167B68. Auto
theft, however, can be committed without operating the vehicle, so the Court
necessarily relied on an allegation that the offender had stolen the auto by
operating it to find that joyriding is a lesser-included offense.





[41] Id., at 306 (quoting part of the definition of
Anotice@ in the criminal-trespass statute, Penal Code ' 30.05(b)(2)(B)).





[42] 869 S.W.2d 352 (Tex. Cr. App. 1994).





[43] Id., at 354.





[44] Jacob v. State, 892 S.W.2d 905, 908 (Tex. Cr.
App. 1995).





[45] See Schweinele v. State, 915 S.W.2d 17, 18
(Tex. Cr. App. 1996).





[46]
618 S.W.2d 763 (Tex. Cr. App. 1981). 





[47] Id., at 764 (citing Jones v. State, 532
S.W.2d 596, 601 (Tex. Cr. App. 1976) (emphasis added)).





[48] Ibid.





[49] Compare Allison, 618 S.W.2d, at 764, with
Day, 532 S.W.2d, at 307.





[50] See Eastep v. State, 941 S.W.2d 130, 134 (Tex.
Cr. App. 1997); White v. State, 890 S.W.2d 69, 72 n.3 (Tex. Cr. App.
1994) (limiting the Allison language to the ability of the State to
abandon allegations in the indictment without having to give the defendant
ten-days notice);  see also Aguilar v.
State, 682 S.W.2d 556, 561 (Tex. Cr. App. 1985) (Teague, J., dissenting).





[51] Jones v. State, 532 S.W.2d 596, 601 (Tex. Cr.
App. 1976) (emphasis added). Jones was convicted of burglarizing a house that
was in its final stages of construction. He argued that the evidence was
insufficient to convict him of burglary of a habitation because his indictment
would have to allege that he had burglarized a building that was Anot open to the public,@ a
necessary element of the offense of burglary of a building, but not of burglary
of habitation. Ibid. The Court held that since the assessed punishment
was within the range for both offenses, the conviction could be affirmed as one
for burglary of a building, and the judgment and sentence could be reformed
accordingly.





[52] Bignall v. State, 887 S.W.2d 21, 23 (Tex. Cr.
App. 1994) (citing Rousseau v. State, 855 S.W.2d 666, 673 (Tex. Cr. App.
1993); Royster, 622 S.W.2d, at 446‑47).





[53] Bignall, 887 S.W.2d, at 23.





[54] Forest v. State, 989 S.W.2d 365, 367 (Tex. Cr.
App. 1999) (quoting Arevalo v. State, 943 S.W.2d 887, 889 (Tex. Cr. App.
1997)).





[55] See Penal
Code  ' 42.01(a)(7)B(9). 





[56] See Penal
Code  ' 46.03.





[57] See Penal
Code  ' 46.04.





[58] See the cases collected in note 30, supra.





[59] See, e.g., Houston v. State, 556 S.W.2d 345
(Tex. Cr. App. 1977).





[60]81 S.W.3d 927 (Tex. App. C Dallas 2002).